### IN THE

# HIGH COURT OF ERRORS AND APPEALS

### FOR THE

# STATE OF MISSISSIPPI.

---

## OCTOBER TERM, 1868.

### W. L. HEMINGWAY, Administrator, *v.* MARTHA J. SCALES.

1. COMMON LAW. — The common law forms the basis of our system of jurisprudence, and remains in force until repealed, changed, or modified by statute.

2. JOINT-TENANTS: TENANTS BY ENTIRETY: HUSBAND AND WIFE. — At common law, joint-tenants in fee-simple, each have a right to dispose of an undivided moiety of the inheritance; but in case of conveyance of land to husband and wife, they take not by moieties, but by entireties; and while the husband may dispose of the rents and profits during coverture as he pleases, neither can dispose of the inheritance without the concurrence of the other; and on the death of either, the survivor takes the entire estate.

3. HUSBAND AND WIFE: TENANTS BY ENTIRETY NOT ABOLISHED BY STATUTE IN REFERENCE TO JOINT-TENANTS. — The statute, art. 18, p. 309, of the Revised Code, which provides that all conveyances or devises of land to two or more persons, shall be construed to create estates in common and not in joint-tenancy, unless an intention to create an estate in joint-tenancy, with the right to the survivor or survivors, shall manifestly appear from the tenor of the conveyance or devise, does not apply to a conveyance or devise of lands to husband and wife; and in this State, estates in entirety, with all their common law incidents, still exist.

ERROR to the Circuit Court of Carroll county. Hon. Wm. Cothran, judge.

W. L. Hemingway, Administrator, *v.* Martha J. Scales.

On the 11th of January, 1858, A. O. Winn and wife executed the following conveyance to W. N. Scales and wife : —

" This indenture, made and entered into this, the 11th of January, 1858, between A. O. Winn, and Ann J. Winn, his wife, of the first part, and W. N. Scales, and his wife, M. G. Scales, of the second part, Witnesseth, That the parties of the first part, for and in consideration of the sum of Twenty-five Thousand Dollars, to them in hand paid by the parties of the second part, have granted, bargained, and sold, and by these presents doth grant, bargain, and sell unto the parties of the second part, their heirs and assigns forever, the following described lands " (here follows a description of the lands).

Covenant that the parties of the first part are seized in fee simple, and a general warranty of title.

W. N. Scales died in 1864, intestate; W. L. Hemingway was appointed his administrator, and his estate was declared insolvent.

Counsel agree, that the sole question to be presented to the court for its decision is, as to the effect of the foregoing conveyance to defendant in error and her husband. Plaintiff in error claims, that one half of the lands embraced in the conveyance on the death of the husband, vested in his heirs, and were liable to be sold for the payment of debts. Defendant in error insists that the *entire* interest vested in her on the death of her husband.

*B. R. Mayes*, for plaintiff in error.

The sole question presented by the record in this cause, for the consideration of this court, is, Do estates of the entirety at common law exist under the law of Mississippi? and contend, —

1st. That such estates never existed in Mississippi under the common law of that State, even prior to the passage of the married woman's law, of 1839 ; and,

2d. That if such estates did exist under the common law of Mississippi, prior to the act of 1839, in relation to the property

of married women, still the legislative policy which was inaugurated on that subject in 1839 has changed the rule.

1st. In *Vicksburg & Jackson R. R. Co.* v. *Patton*, 31 Miss. Rep. 185, this court say : " It cannot be denied that the common law of England is the law of this State only so far as it is adapted to our institutions and the circumstances of our people." In conformity with this view, the court decided that it was the policy of the common law in this State to *fence out*, while in England it was to *fence in*.

The common law doctrine of "estates of the entirety," with their *jus accrescendi*, were never "adapted to our institutions and the circumstances of our people." Several States in this Union, amongst them New York, Tennessee, and Kentucky, have recognized the doctrine as existing in those States in its fullest force ; but others have denied it, as Connecticut and Ohio.

This doctrine had its origin in the peculiar institutions of ancient England, which institutions have, even in England, undergone such modification by time, as to induce an English judge, in a recent case, in speaking of this subject, to declare that if they had not so found the law, they would not now so declare it.    See *Miles* v. *Fisher*, 10 Ohio Rep. p. —.    It was one of the expedients adopted to concentrate wealth, and to build up large landed estates; while the genius of our institutions is the reverse, that is, to diversify wealth.

The want of adaptation of these estates of entirety and joint-tenancy with their right of survivorship, to the peculiar institutions of this country, is argued at length, and ably, by the Supreme Court of Ohio, in *Miles* v. *Fisher*, 10 Ohio Rep. p. 1 ; special attention of the court is called.

2d. But if mistaken on this point, still the statutes of this State on the subject of the rights of married women, beginning with the act of 1839, abrogate the common law rule.

It will be insisted by defendant in error that the statutes abolishing estates in joint-tenancy, and declaring them estates in common, does not reach this "estate of the entirety ; " and to support this position, amongst other cases, will be cited : *Rogers* v. *Benson*, 5 Johns. Ch. Rep. 431; *Taul* v. *Campbell*, 7 Yer.

(Tenn.) Rep. 332; and *Rogers* v. *Grider*, 1 Dana, Ky. Rep. 242; which may be considered the leading cases in this country in favor of defendant in error.

In the case of *Rogers* v. *Benson*, 5 Johns. Ch. Rep. 431, Chancellor Kent discusses this very subject, and construes a statute identical with ours, abolishing estates in joint-tenancy, so far as can be gathered from the report of the case, and concludes that this statute does not reach this particular "estate of the entirety." The cases from Tennessee and Kentucky follow and fully sustain the New York case. While the force of these authorities is acknowledged, and the highly respectable character of the courts delivering these opinions recognized, still they are not applicable to the laws of this State, at least as they now exist, because of the different relation of husband and wife under the laws of this State from the laws of those States at the time of the delivery of those opinions.

It must be remembered that these opinions were delivered in States where, and at a time when, the relation of husband and wife was entirely governed by the rules of the common law, and these decisions are confessedly founded solely on the common law.

The common law regarded husband and wife as *one;* and it is from this idea that the doctrine of estates of the entirety springs. Our statutes regard them not as *one*, but as *two persons*, separate and distinct so far as their rights of property are concerned, and hence, the common law rule, springing out of the common law idea of their *unity*, is destroyed when our statutes destroy that *unity*, and declare them two separate and distinct persons, with all the rights of separate and distinct persons, so far as property is concerned. To quote from the authorities relied on by defendant in error: —

"The (statutory) destruction of joint-tenancies, to the extent which has been stated, does not apply to conveyances to husband and wife, which, in legal construction, *by reason of the unity of husband and wife*, are not strictly joint-tenancies, but conveyances to one person." 4 Kent's Com. 362.

Chancellor Kent, in the above-cited case of *Rogers* v. *Ben-*

*son*, 5 Johns. Ch. Rep. 437, in speaking of estates of the entirety, says: "The husband and wife in this case were not properly joint-tenants or tenants in common, *for they are but one person in law*, and could not take by moieties."

Chief-Justice Catron, in the Tennessee case, says: "They (husband and wife) take but one estate, as a corporation would take, *being by the common law deemed but one person.*" *Taul* v. *Campbell*, 7 Yer. 333.

The court of Kentucky say: "The *unity* of person subsisting between man and wife, in legal contemplation, prevents their receiving separate interests in an estate conveyed to them during coverture." *Rogers* v. *Grider*, 1 Dana, 243.

From which the corollary is, —

1st. That an estate of the entirety is a creation of the common law solely. 2d. That it had its origin in the common law idea of an "*unity*" between husband and wife, and her inability during coverture to take an estate separate from him.

Does a *feme-covert* now take her property under the common law, or does she take under the statute law of this State? If she takes under the statute and not the common law, then does that statute law recognize that *unity* between husband and wife, which prevents her receiving an estate separate from her husband during coverture? To propound these questions is to answer them. It will be remembered that Mrs. Scales held a separate property, and that the property in controversy was conveyed to her and her husband, in 1858, and consequently is governed by the provisions of the Revised Code.

Art. 23, p. 335, Rev. Code, says: "Every species and description of property, whether consisting of real or personal estate, * * * which shall accrue to any married woman by will, descent, distribution, *deed of conveyance*, recovery, or otherwise, shall be owned, used, and enjoyed by such married woman, as her own separate property; and such property, whether owned by her before marriage, or which may accrue to her afterwards, shall not be subject or liable to be taken in satisfaction of the debts of the husband," &c.

Art. 24, p. 336, provides: "That the rents, &c., either real or

personal estate, owned by any married woman, or which may accrue to her after marriage, shall be her separate property," &c., and goes on to provide for her purchasing property with her own money, and says: "If the husband shall purchase property in his own name, with the money of the wife, he shall hold the same only as trustee for her use."

Art. 25 provides for a married woman's making contracts.

These statues answer both of the foregoing questions at one time.

They entirely change the common law rule in regard to the acquisition of property by married women; and they sever that *unity* recognized by the common law as existing between husband and wife, which *unity, all* of the authorities recognize as the foundation stone of the doctrine of "tenancy by the entirety."

The *unity*, the foundation, being destroyed, then, under the deed from Winn to Scales and wife, they would take as though they were two persons, not husband and wife; *i.e.*, they would take an estate in joint-tenancy at the common law, and our statute (Rev. Code, p. 309, art. 18) declares them estates in common.

In *Whitelsey* v. *Fuller*, 11 Conn. Rep. 339, the court say: "The wife *having a separate existence*, so as to be able to take by a deed to herself, her identity has not been considered as destroyed, from the fact that the conveyance was to her and her husband, by one and the same instrument." See also *Miles* v. *Fisher et als.*, 10 Ohio Rep.

The courts in Ohio and Connecticut, in the cases above quoted, hold that the doctrine of tenancy of the entirety, and joint-tenancy, with the *jus accrescendi*, has never been incorporated in the laws of their respective States; so also it has never been recognized by the decisions in this State. Is it now for the first time to be embraced in the laws of this State? and that too after the legislature has declared a line of policy so radically different from that which originally gave birth to the doctrine in a different political atmosphere and a far-distant country.

The deed from Winn to Scales and wife recognizes Scales

and wife, as do the statute laws of this State, as two different persons; it speaks of them constantly as "*parties*," and not as "*party*" of the second part.

*Geo. L. Potter*, for plaintiff in error.

The question in this case arises upon a deed for lands, made in 1858, to "W. N. Scales, and his wife, M. J. Scales." The grant was "to the *parties* of the second part, *their heirs* and assigns."

Mr. Scales is dead, and his estate reported insolvent, with order to sell his interest in the lands to pay debts, &c.

Does the widow take the whole estate as survivor?

Under the old English rule, the case would be clear in her favor; but we insist that such is not the law of Mississippi.

The English rule rests on "an old peculiarity" of the remote law of that country — upon the idea that husband and wife are "one person;" and some of the American courts, resting on this antiquity, have held that this old rule is not abolished by enactments such as ours, providing that "all conveyances or devises of lands made to two or more persons, shall be construed to create estates in common." Code, 309, § 18.

They assume that husband and wife, being "one person," a grant to them both is not a grant to "*two* or more persons;" and so the case is not within the statute.

The old idea is dependent upon the fact of a grant to the two, jointly. "The same words of conveyance which would make two other persons *joint-tenants*, will make the husband and wife tenants of the entirety." *Green* v. *King*, 2 Wm. Blackstone Rep. 1213.

But notwithstanding this dogma of "one person," the rule did not apply where the grant was not of a joint estate. It applied only where husband and wife were *joint tenants*. It did not apply where the deed did not convey a joint interest. Thus, if a lease were made to A for life, to B in tail, and to his wife for years, this notion of "one person" was disregarded, "and each of them hath a third part in respect of the severaltie of their estates." Co. Litt. 187 *b*.

If lands are granted to them as tenants in common, "they will hold by moieties, as other distinct third persons." 1 Preston Estates, 132.

A deed to them is to have "just such effect in respect to the estate they take as was intended to be created;" and they may take as tenants in common. *Hicks* v. *Coleman*, 4 Edw. Ch. Rep. 110; 4 Kent's Com. 363.

The rule applies only where the grant is to husband and wife, in such form as would "make two other persons joint tenants." 2 Wm. Black. Rep. 1213.

Now, we ask, what would be the effect of this deed, if it had been made to "two other persons"? The statute would make it a tenancy in common. Code, 309, § 18.

The rule under consideration applied only to cases where, as between other persons, the deed would convey a joint estate; and the form of deed used in this case is inoperative under the statute, to convey such an estate. The whole case, therefore, falls for want of a foundation. In legal effect, this deed conveyed an estate to tenants in common. The law of Mississippi requires a different form of conveyance to create an estate in joint-tenancy; and this settles the controversy.

2. The same result must follow from the fact that the old notion of husband and wife, "one person," does not exist in our law.

Under the English law, husband and wife could not convey to each other, because they were "one person" (1 Bright Husb. & Wife, 29); but at the date of this deed the husband might convey to the wife any property not liable to his creditors. *Smith* v. *Allen*, 39 Miss. 475; 41 Miss. 534.

By our law, the wife holds her whole estate, real and personal, and "the rents, issues, profits, products, and income," as her separate property. She may make certain contracts, in her own name; may, in a proper case, sue at law, alone, and execute bonds for appeals, writs of error, &c., without her husband. Code 336-8, §§ 23-26, 31.

These provisions have destroyed the old "unity of husband and wife;" and the practical operation of our law has been to

demonstrate that she is " a person," no less than her husband, and very often " the better man " of the two. Here, again, we find the foundation of the old rule destroyed, by the changes in our laws. This deed was made to *two* persons, who, though husband and wife, were distinct and separate, as strangers, for the acquisition and holding of property.

3. "Every species and description of property, whether consisting of real or personal estate," may by our statute " accrue to any married woman by will, descent, distribution, deed of conveyance, recovery, or otherwise," to be " owned, used, and enjoyed as her own separate property." Code, 335, § 23.

And thus, not only is the " oneness " of husband and wife ignored, but she is expressly capacitated to acquire and hold " every species and description of property." An undivided interest in the whole of a joint estate is a " species and description of property," within the purview of this statute, which, by its very terms, a wife may own, use, and enjoy, "as her own separate property." And if so, there may be " moieties," between husband and wife, as between other joint-tenants; and the old fallacy that they are " one," when made joint grantees, has no place in our law. By force of " the woman's law," husband and wife are " two persons," within the purview of the statute in relation to tenancies in common; and by force of that act these parties took each one half of the estate.

4. This old rule is founded on a fallacy. The authorities hold that a grant to husband and wife creates a joint-tenancy; *each* is seized *per tout*, but not *per my*. It is said they are " one," and yet they hold a " *joint* " estate, as though they were *two*. Other joint-tenants may be seized of an undivided moiety of the whole; but it is said, each of these " one" is seized of the whole; and that, whilst each has capacity to be seized of the whole, there can be " no moieties " between them; they cannot be seized of undivided moieties. In this special case it is held, that a capacity to take all is not a capacity to take half. Another peculiarity of this antiquity was this: If Black Acre was conveyed to a man and woman, jointly, and, after their marriage, White Acre was conveyed to them, by like deed, they

would continue *two*, as to Black Acre, and be "one," as to White Acre; and thus, by lawful *hocus-pocus*, these two would be "one;" and this "one" would be two. It were more logical to follow the rule of the English justice who held that "man and wife are one; and *the man is that one*." *Sergeant* v. *Steinberger*, 2 Ohio, 305; *Wilson* v. *Fleming*, 13 Ohio, 73.

*J. Z. George*, for defendant in error.

This case presents this question: —

If a deed be made conveying land to husband and wife in fee, upon the death of one, does the whole land go to the other, or does a moiety go to the heirs of the decedent?

2. At common law, joint-tenants, upon the death of one, took the whole estate by survivorship.

This rule has been abolished by our statute.

But husband and wife, being joint grantees in a deed, were not deemed joint-tenants, but they were deemed tenants by the *entirety*, because in law they were one person, or, as Bracton expresses it, "*Vir et uxor* sunt quasi *unica persona, quid caro una et sanguis una*," or, as the Bible says, "They are one flesh."

Hence, if a deed were made to baron and *feme*, and to A, the husband and wife together were regarded as a joint-tenant with A; and he took a moiety, and the husband and wife took a moiety together; but, as between themselves, husband and wife were tenants by entirety. Joint-tenants could alien so as to destroy the right of survivorship. So the share of a joint-tenant went to the King, upon his conviction of a felony. Not so with husband and wife, tenants by the entirety. Neither could alien so as to destroy this unity. Nor did either share go to the King, upon conviction of a felony. See Co. Lit. §§ 291, 187 *a*, 188 *a*, and cases there cited; Greeley's case, 8 Co. 71 *b*; Beaumont's case, 9 Co. 138; Prest. on Estate, 46; *Back* v. *Andrews*, 2 Vt. 120; *Green* v. *King*, 2 Bl. Rep. 1211; *Doe* v. *Parrot*, 5 Durnford & East, 652.

This doctrine has been fully recognized in the United States. *Jackson* v. *Ruggles*, 16 Johns. Rep. 115; *Rogers* v. *Benson*, 5 J.

C. Rep. 437; *Barber* v. *Harris,* 15 Wend. 615; *Den* v. *Harden-burgh,* 5 Halsted, 42, 3 Randolph, 169, 5 Mass. Rep. 523; *Den* v. *Whitemore,* 2 Dev. & Batt. 537; *Taul* v. *Campbell,* 7 Yer. 319; *Greenlaw* v. *Greenlaw,* 13 Maine Rep. 186, 4 Kent, 362.

In case of tenants by the entirety, the survivor does not take by survivorship by any *jus accrescendi.* Nothing accrues to the survivor. He or she takes by virtue of his old title, being all the time seized of the whole estate, and not seized *per my et per tout,* but only *per tout.* The conveyance is to one person,—husband and wife, whose unity is indestructible; and on the death of either there still remains a person — the same person mentioned in the conveyance—who holds by his or her old title. And, in case of alienation, it takes both to make one grantor. *Doe* v. *Howland,* 8 Cow. 283; *Taul* v. *Campbell,* 7 Yer. 319.

Our statute upon the subject of joint-tenants and survivorship is as follows :—

"All conveyances or devises of land, made to two or more persons, shall be construed to create estates in common, and not in joint-tenancy, unless it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in jointtenancy with the right to the survivor," &c. Art. 18, § 4, p. 309, Rev. Code.

This statute is substantially the same as the statutes of New York, Virginia, Kentucky, Massachusetts, and New Jersey on the same subject. And, in all these States, it has been held that the statute does not apply to tenants by the entirety, but only to joint-tenants.

In New York, *Jackson* v. *Ruggles,* 16 J. R. 115, per Spencer, C.J.; *Rogers* v. *Benson,* 5 J. C. Rep. 437.

In Kentucky, *Barber* v. *Harris,* 13 Wend., Nelson, C.J.; *Sutleff* v. *Forgey,* 1 Cow. 96 (Wallworth); *Doe* v. *Howland,* 8 Cow. 283, Savage, C.J.; *Deas* v. *Glover,* Hoff, M. Ch. 71; *Torrey* v. *Torrey,* 14 N.Y. Rep. 430; *Wright* v. *Sadler,* 20

ib. 320; *Farmers' & Mechanics' Bank* v. *Gregory*, 49 Barb. 153.

In Massachusetts, *Shaw* v. *Hearsey*, 5 Mass. 523; *Fox* v. *Fletcher*, 8 id. 274; *Varnum* v. *Abbott*, 12 id. 479.

In Tennessee, *Taul* v. *Campbell*, 7 Yer. 319; which case see particularly.

In Kentucky, *Ross* v. *Garrison*, 1 Dana, 35–37; *Rogers* v. *Grider*, ib. 243; *Banton* v. *Campbell*, 9 B. Munroe, 594; *Morse* v. *Morse*, 12 id. 664.

In Virginia, *Thornton* v. *Thornton*, 3 Randolph, 199.

In North Carolina, *Den* v. *Whitemore*, 2 Dev. & Batt., 537; *Needham* v. *Branson*, 5 Iredell, 426.

In Pennsylvania, *Stuckey* v. *Keefe*, Ex. 26 Penn. State. Rep. 397; *Fairchild* v. *Charlesleaux*, 1 Penn. State, 176; *Stuckey* v. *Keefe, supra*, review all the authorities, and show that they decide that husband and wife are *incapable* of taking by moieties.

In Maine, *Greenlaw* v. *Greenlaw*, 13 Maine, 186; *Harding* v. *Springer*, 2 Shepley, 407.

In Vermont, *Brownson* v. *Hull*, 16 Vt. Rep. 309.

In Illinois, *Mariner* v. *Saunders*, 5 Gilm. 124 (of case).

In Wisconsin, *Ketchum* v. *Wadsworth*, 5 Wis. Rep. 95.

In New Jersey, *Deer* v. *Hardenburg*, 5 Halst. 42.

There are no decisions to the contrary, except in Connecticut (*Whittlesey* v. *Fuller*, 11 Conn. Rep. 238), and possibly in Ohio.

But in Connecticut the decision is placed expressly upon the ground that that rule of the English law has never been abolished in that State, the custom and practice of the State being contrary to that rule, and regarding husband and wife as joint-tenants.

That this decision was placed expressly upon the ground that the practice in that State had been the other way, see *Huntington* v. *Birch*, 12 Conn. Rep. 149.

The foregoing authorities clear the matter of all doubt. No decision in this court is contrary to them. On the contrary, this court has repeatedly held that our statutes on the subject

of estates of husband and wife, being in derogation of the common law, are to be construed strictly, and only to change the common law, so far as they clearly do it. This is the principle of all the decisions on the subject. The unity of husband and wife is not destroyed by our statutes. Certain rights have been secured to the wife, which she did not have at common law. She is nowhere, however, made a *feme-sole*. This is particularly so of realty, she being incapable of alienating it, except with the consent of the husband. Nor is her capacity to take realty by deed, or devise, or death, in anywise changed by our statutes. At common law, she could inherit land for her own use, and she could take by deed or devise to her separately, or jointly with her husband; and this she can do now.

It is insisted by counsel for plaintiff in error, that only deeds which would as to other parties create a joint-tenancy, will create the estate by entireties as to husband and wife; and that as our statute abolishes joint-tenancies and makes them tenancies in common, so there can be no estate by entireties. Our statute is in these words (art. 18, p. 309, Rev. Code):—

"All conveyances or devises of land made to two or more persons, shall be construed to create estates in common, unless it shall manifestly appear from the term of the instrument, that it was intended to create an estate in joint-tenancy, with the right to the survivor or survivors, provided this provision shall not apply to mortgages, or devises, or conveyances made in trust."

The statute of Massachusetts is in almost the same words exactly, or in legal effect, and yet it was held not to apply. See *Shaw* v. *Hearsey*, 5 Mass. 521–22, where statute is set out. Where it is also held, that whilst joint-tenancy may be against the genius of republics, estates by entireties are not. Tennessee has a similar statute. *Taul* v. *Campbell*, 7 Yer. 319.

So has Virginia. *Thornton* v. *Thornton*, 3 Randolph, 179.

In Vermont, the statute is exactly. *totidem verbis*, like ours, and it is held not to apply to estates by the entireties. See *Brownson* v. *Hull*, 16 Vt. 309, on page 312. The statute is

set out in the opinion of the court. . It is also granted in the brief of counsel.

The statute of Maine is in these words : —

*All conveyances and devises of land made to two or more persons* (except conveyances on mortgage), *shall be construed to create estates in common* (unless it shall be expressed therein that the grantees or devisees shall take the lands jointly, or as joint-tenants, or in joint-tenancy, or to them and to the survivors of them, &c.)    See Rev. Statutes of Maine of 1840–1, p. 372, § 13.

Yet in the cases cited (13 Maine, 186, and 2 Sheply, 407), it was held not to apply.

If any thing can be settled by authority, this is,—that the statute in our code does not affect the common law rule.

2. But it is said that our statute enabling married women to hold separate property, destroys this unity and changes the rule.

But in New York it is expressly held, that a similar act, enabling married women to hold separate property, has no effect and does not apply to a case of entirety.    See *Farmers' & Mech. Bank* v. *Gregory*, 49 Barb. 155–162.

So far as the wife's capacity *to take* real estate, there is no difference between the statute and the common law.    At common law she always had the power to take and hold realty.

The uniform construction put upon the acts of 1839, 1846, and 1857, in relation to the rights of married women, has been, that the common law on the subject has not been changed, except so far as is expressly enacted in these statutes.    The rights of the husband to her separate estate has been upheld strictly, where not expressly ·defeated by the statute ; and the powers and capacities of the wife to take and hold property, and to make contracts, have been held all the time to exist exactly as they existed at common law, except so far as they have been expressly changed by statute.    See *Lyon* v. *Knott*, 4 Cush. 548 ; *Lowry and Wife* v. *Craig*, 30 Miss. 19 ; *Dalton* v. *Murphy*, id. 59.

A case cannot be found to the contrary of this.

It is also well settled that a statute in derogation of the common law is to receive a strict construction.

There is nothing in any of these statutes which refers to it; estates conveyed to husband and wife jointly. Nothing to show that the legislature ever intended to make a new rule on the subject.

If the court were to hold otherwise, it would do so from conjecture. There would be no solid basis for the opinion. It would be in accordance with the wild suggestions of counsel for plaintiff in error in his brief, that the rule invoked on behalf of defendant in error is old, technical, and contrary to the spirit and genius of the age and of our institutions.

The rules of the common law are the law of the State. They constitute the richest inheritance of our people. They furnish us the safeguards to our liberties and our property, and they are not to be disregarded, upon any suggestion that they are not in accordance with our notions of the progressive spirit of the age. They are to be observed and enforced until the people, through their legislature, see fit to abolish or change them.

PEYTON, J., delivered the opinion of the court.

It appears from the record in this case, that on the 11th day of January, 1858, Augustus O. Winn, and Ann J. Winn, his wife, for a valuable consideration, sold and conveyed to W. N. Scales, and M. J. Scales, his wife, and their heirs, a certain tract or parcel of land, situated on the Yazoo river, in the county of Carroll, in the State of Mississippi, and that the deed of conveyance was duly acknowledged; that the said W. N. Scales departed this life in the year 1864, intestate, and that the plaintiff in error was duly appointed administrator *de bonis non* of said Scales by the Probate Court of said county of Carroll, and that at the May term, 1867, of said Probate Court, the estate of the said W. N. Scales, deceased, was, by the said court, declared insolvent, and decreed to be sold for the payment of debts.

And that on the 29th day of August, 1867, the plaintiff in error, as administrator, as aforesaid, instituted an action of ejectment in the Circuit Court of said county, against the defendant

in error, to recover the possession of an undivided half of the land conveyed to her and her husband as aforesaid.

To this action, the defendant appeared and pleaded not guilty, upon which the cause went to trial, which resulted in a verdict and judgment for the defendant. From this judgment the plaintiff brings the cause into this court by writ of error, and makes the following assignments of error: —

1. The court erred in refusing the instructions asked for by the plaintiff.

2. The court erred in overruling the plaintiff's motion for a new trial.

It is agreed by the parties to waive the question of the right of the plaintiff to bring the action of ejectment, and that the effect of the conveyance to the defendant and her husband shall be the sole question presented for the decision of this court.

The first error assigned is the refusal of the court to give the following instruction: "Tenancy by the entirety does not exist under the laws of Mississippi; and if the jury believe, from the evidence, that the deed conveying the tract of land, mentioned in the declaration, was made to W. N. Scales and wife jointly, then said Scales and wife took said land as joint-tenants at common law, and not as tenants of the entirety, and consequently on the death of W. N. Scales, intestate, his half-interest descends to his heirs, and does not survive to his wife; and on this state of facts, if the jury believe they exist, they will find for the plaintiff."

The common law forms the basis of our system of jurisprudence, and remains in force until repealed, changed, or modified by statute. It clearly recognizes the distinction between the estates of joint-tenants, and that of husband and wife upon a conveyance to them. In the case of joint-tenants in fee-simple, each would have a right, without the consent of the other, to dispose of an undivided moiety of the inheritance. But in the case of a conveyance of land in fee-simple to a man and his wife, they take not by moieties, but by entireties; and whilst the husband may do what he pleases with the rents and profits

W. L. Hemingway, Administrator, v. Martha J. Scales.

during coverture, he cannot dispose of any part of the inheritance without his wife's concurrence.

It is insisted by counsel for the plaintiff in error, that the common law, in this respect, has been changed by our statute, which provides that " all conveyances or devises of lands made to two or more persons, shall be construed to create estates in common, and not in joint-tenancy, unless it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint-tenancy, with the right to the survivor or survivors." Rev. Code, 309, art. 18. This provision, however, does not apply to conveyances made in trust.

The evident purpose of this statute was to abolish the *jus accrescendi*, the right of survivorship, — the distinguishing feature of joint-tenancy, — so that the estate of the joint-tenant, upon his death, might descend to his heirs, as in case of tenancy in common. It merely converted a joint-tenancy into a tenancy in common. It made no change in the law with regard to the estate of husband and wife, which, as has been seen, is a very different estate from that of joint-tenancy. It, therefore, does not apply to conveyances to husband and wife, which, in legal construction, by reason of the unity of husband and wife, are not strictly joint-tenancies, but conveyances to one person. The husband and the wife are seized of the entirety, and the survivor takes the whole; and during their joint lives neither of them can alien so as to bind the other. Nor is such an estate, so held by husband and wife, affected by the statutes of partition. 4 Kent, 362.

In the case of the *Farmers' and Mechanics' Bank of Rochester* v. *Gregory*, 49 Barbour, 155, the court say that " it is a very clear proposition that our recent statutes for the better protection of the separate property of married women, have no relation to or effect upon real estate conveyed to husband and wife jointly. In such a case the wife has no separate estate, but is seized, with the husband, of the entirety. Neither of them having any seperate or severable part or portion, but the two, as one in law, holding the entire estate, neither can sell without the consent of the other; and the survivor takes the whole."

In the State of New York, it has been decided that a statute, similar to our own, converting joint-tenancies into tenancies in common, does not apply to the conveyance of an estate in land to husband and wife. They are regarded in law as one person, and not as joint-tenants or tenants in common; and when one of them dies the whole estate created by such a conveyance remains in the survivor. *Wright* v. *Sadler*, 20 N.Y. 320, 323.

Our statute is applicable to such estates only as were held in joint-tenancy at the common law, and was not intended to affect conveyances to husband and wife; for the reason that the estate created by such conveyance is not, in legal contemplation, an estate in joint-tenancy, and for the additional reason, that such conveyance to husband and wife is not, in a legal sense, a conveyance to two persons, but to those who, for this purpose, are accounted but one person in law.

With a due regard to the rule that statutes in derogation of the common law are to be construed strictly, we think the statute cannot properly be construed to comprehend conveyances of land made to husband and wife. With respect to such estates the common law remains in force, unaffected by the statute. *Brownson* v. *Hull*, 16 Vt. 309; *Needham* v. *Branson*, 5 Wedell's Law, 426.

Under the conveyance in this case, the defendant in error, having survived her husband, is entitled to the whole estate.

There is no error, therefore, either in refusing the instruction asked by the plaintiff, or in overruling the plaintiff's motion for a new trial.

The judgment will be affirmed.