M. F. MITCHELL et al. *v.* THOMPSON & Co. et al.

**Sale for Partition — Unpaid Purchase Money — Execution Debtor.**

Where an execution debtor has purchased land at a sale by a commissioner for partition, but does not pay the purchase money, the purchaser at an execution sale, under a judgment against the purchaser, acquires only the interest of the execution debtor and stands in his place with reference to the unpaid purchase money of the land, and the claim for the unpaid purchase money can be enforced against the land in the hands of said purchaser.

**Same — Receipts of Adult Distributees — Receipt of Guardian of Minors.**

Where land has been sold for partition, the adult distributees, who give their receipts for their distributive shares, are bound thereby and are estopped from setting up their claim for same against the purchaser of the land at execution sale under a judgment against the purchaser at the commissioner's sale, but infant distributees are not so bound by the receipt of their guardian.

The bill of complaint in this case was filed by Moses F. Mitchell, Nancy L. Watts, and Van B. Watts, her husband, and Everett J. Mitchell, and W. N. Mitchell, adults, and the following named infants, through Everett J. Mitchell, next friend, to wit: James C. J. A. and M. L. Mitchell, and alleges that the infants have no legal guardian. They aver that they are the children of James C. Mitchell and Nancy Mitchell, one of the appellees; that James C. died in 1863; that they, with their father and mother, were devisees under last will and testament of Moses Foster, who died in 1860, in Copiah county, and that by last will and testament, the lands in controversy in this suit were devised to said James C. Mitchell and Nancy Mitchell, and their children, meaning complainants; that the father, James C., died sometime in 1865, prior to the death of Martha Foster, who under said last will and testament, had a life-time interest in the estate devised; that in September, 1870, in Chancery Court of Copiah county, Appellant Nancy L. Watts and her husband, V. B. Watts, instituted suit for division of the lands in controversy against the other appellants and appellee, Nancy Mitchell, and a deed was made for sale of the lands for cash for division, and W. M. Haley was appointed commissioner to make the sale; that the sale was

made and Appellee Nancy Mitchell was purchaser, and further avers that, in fact, no cash was paid on the purchase; and then asserts as a fact that a report of sale was made which showed that the sale was for cash and the report was confirmed by said Chancery Court; that Appellee Thompson recovered judgment against Nancy Mitchell in the Circuit Court of said county subsequent to the said decree, August 22, 1871, for $664; and in 1877, the said lands were sold under execution on said judgment, and that Appellees Thompson & Co., became the purchasers, and obtained deed from the sheriff. The bill then charges that the appellees, Thompson & Co., had notice of the fact that appellee, Nancy Mitchell, had not paid for the land at the commissioner's sale, and thereby took title subject to an equity in favor of appellants, and then claims that whether appellees, Thompson & Co., knew or did not know that the land was not paid for at the commissioner's sale, yet the equity exists, as appellants, Thompson & Co., are mere volunteers. The bill avers that one Thomas Henry, appellee, had bought the land from Appellees Thompson & Co., and that he had a knowledge of an equity of their growing out of said commissioner's sale. There is propounded to Appellee Henry some questions calling for discovery of his interest in the lands and for his knowledge of the said commissioner's sale. The prayer was for the appointment of a commission to ascertain the amount due complainants and for sale of the land to pay same.

The appellees, Thompson & Co. and Thomas Henry, answered, and Appellee Nancy Mitchell failed to answer, and *pro confesso* was taken against her. The appellees who answered admitted all the allegations of the bill except that they charge as a fact that Mrs. Nancy Mitchell, mother of appellants, bought the land at the commissioner's sale and paid for it, and that the commissioner took the receipt of Appellants Moses F. Mitchell and Nancy L. Watts and her husband (who were the only adults at the time of sale) for their *pro rata* share of the proceeds of sale; also took receipt of Nancy Mitchell, who was the legal guardian of the other appellants, their infants, for the shares of the several infants, as well as said Nancy Mitchell's receipt for her individual share; and the appellees filed copies of those receipts as exhibits to their answer, and further denied the existence of and knowledge at any time of the fact that the land was not paid for at the

commissioner's sale. Also denied that the appellants had an equity in the land growing out of said commissioner's sale; also denied that Thompson & Co. recovered judgment against Appellee Nancy Mitchell, as stated in the bill, but charged it as a fact that Thompson, Lamkin & Co. recovered such a judgment; and that Thompson & Co. purchased at a sale under that judgment; and the answer further saves the point that the question as to whether the sale was for cash then others paid, yet the matter was *res adjudicata* on the confirmation of the sale by the commissioner; and further claims value of improvements as innocent purchasers if the court should determine that the sale by Haley, commissioner, was void; and charges that Henry had no title to the land, but had, simply as agent of his wife, made parol contract for purchase of the land.

The evidence showed that Mrs. Nancy Mitchell did not, in fact, pay any of the purchase money at the commissioner's sale.

From a decree dismissing their bill complainants appeal.

APPEALED from Chancery Court, Copiah county, E. G. PEYTON, Chancellor.

Reversed and remanded, March 7, 1881.

*Attorney for appellant, A. C. McNair.*

*Attorney for appellees, Benj. King, Jr.*

Brief of A. C. McNair:

Complainants have a lien for the purchase money. 42 Texas, 91; 19 American Report, 44; Rover on Judicial Sales, § 441; Armiger *v.* Iglehart, 1 Bland, 519.

James C. Mitchell and Nancy Mitchell, the defendant, took *bu entirety* and one *aliquot* share of the whole. 13 S. & M. 652; 42 Miss. 41; 65 Missouri, 670; 27 Am. Rep. 302; 37 Miss. 59; Freeman on Cotenancy and Partition, § 70.

Thompson & Co., being purchasers at execution sale, are but volunteers and took the land subject to all equities. Kelly *v.* Mills, 41 Miss. 267.

The claim in answer of defendants for affirmative relief cannot be granted, as the answer is not made a cross-bill. Millsaps *v.* Pfeifer, 44 Miss. 805.

There can be no controversy as to the fact that Mrs. Mitchell did not pay for the land at the commissioner's sale. The testimony in the case shows that she did not pay for it. The defendants, not being purchasers for value, occupy the same relation to the property in controversy that she did. She certainly could not acknowledge that she bought the property and did not pay for it, and yet she set up as a defense that she was the guardian, and if the wards had a remedy, it was on her bond, and not against the property, for the purchase of which the debt was incurred. I have been taught that where there are two remedies, a party has a right to elect which he shall pursue. Furthermore, I have always learned that where there is a trust fund it can be followed by the *cestui que* trust as long as it is not in the hands of a *bona fide* purchaser *for value without notice*. Mrs. Mitchell certainly took the property subject to complainant's equity, and Thompson & Co., not being *bona fide* purchasers for value, stand in her shoes as to the property. Nothing but payment by Mrs. Mitchell would defeat complainants' rights. 48 Miss. 255; 50 Miss. 370.    *   *   *

The statute of limitations did not commence to run until the decree of confirmation in February, 1873. At that time M. F. Mitchell and Nancy L. Watts were adults. Yet Nancy L. Watts was at the time a married woman, she having married before her majority. Six years did not, I think, elapse between the date of confirmation and the institution of this suit. I take it that the receipts given by them do not estop them to show the truth, and from recovery, as defendants were not prejudiced by the giving of the receipts. I concede that Thompson & Co. obtained the one part interest of Mrs. Mitchell by their purchase at the execution sale. It does seem to me that every principle of justice and law dictates that the minor complainants at least should recover for their share of the amount for which the land sold.    *   *   *

Brief of Benjamin R. King, Jr.:

*   *   *   The commissioner, Haley, was a witness, and testified that he sold the land, and that the then adults, Nancy L. Watts and her husband, and Moses F. Mitchell, gave him receipts for their share of the proceeds of sale, and that Mrs. Mitchell gave him a receipt for her share and a receipt for the share of her minor children, she being their legal guardian, and said Haley filed the original receipts with his deposition, and that the under-

standing between him, M. F. Mitchell, and Nancy L. Watts and her husband and Mrs. Nancy Mitchell was that these receipts operated as so much cash, and he accordingly reported the sale as made for cash. Haley's testimony is not contradicted or rebutted. *It is admitted in writing,* which is copied in the record, that at the time of the commissioner's sale Mrs. Nancy Mitchell was the legal guardian to the appellants, except M. F. Mitchell and Nancy L. Watts, who were adults.

On this record the appellees make the following points:

First. That cash was paid for the land at the commissioner's sale, not that so many dollars and cents were counted out and paid, but that the receipts operated as a cash payment, because given by persons competent to act for themselves, and they are bound by their receipts.

Second. Even if no cash was paid, yet the adults, M. F. Mitchell and Nancy L. Watts, are estopped in equity from saying that the sale was invalid; they were parties to the transaction between their mother, Mrs. Nancy Mitchell, and the commissioner, Haley, and gave all the aid to the transaction in their power, namely, gave their receipt in acquittance to the commissioner; and the other appellants, being infants and having for their legal guardian their mother, Nancy Mitchell, whose letters of guardianship were granted by the court which decreed the sale, and she having given her receipt as such guardian for the shares of her wards, is bound to them on her guardian's bond, and they are also estopped from attacking the sale. Lambuth *v.* Elder, Admr., 44 Miss. 81; Wiley *v.* Gray, 36 Miss. 510.

Third. That the record of the case of Nancy L. Watts *v.* Nancy Mitchell *et al.,* in which the sale for division was made, shows that a sale was made and confirmed by the court, and upon their face showed a legal title in Nancy Mitchell, and Thompson & Co., having purchased at execution sale, bought whatever title Mrs. Nancy Mitchell had, and the record in the chancery proceeding showing itself to be regular, that was all the notice Thompson & Co. were bound to take, hence they obtained the legal title *and are not volunteers* in any view of the case. 2 C. 208; 39 Miss. 805.    *    *    *

In any event, the appellees are entitled to and have title to whatever Mrs. Nancy Mitchell claimed under the last will and testament of Moses Foster, and the land having been devised to

"James C. Mitchell and Nancy Mitchell, his wife, and their children," Mrs. Mitchell's part would be one-third before James C. Mitchell, but he having died before the commencement of the suit by Nancy L. Watts *v.* Nancy Mitchell in the Chancery Court for a division of the lands, Mrs. Mitchell would take by survivorship from her husband, and whatever she would take the appellees would most assuredly get under their execution sale.

OPINION.—CAMPBELL, J.:

In view of the settled doctrine in this State that the purchaser of the land at the sale under execution against Mrs. Nancy Mitchell acquired only her interest, and stands in her place, with reference to the unpaid purchase money for which the land was sold by the commissioner, Haley, we are constrained to hold that, as to the sum for which Mrs. Mitchell receipted as guardian, the purchase money was not paid thereby, and the claim of her then wards would be successfully asserted against the land in her hands, so it may be in the hands of those who occupy her place with respect to it. Neither Moses F. Mitchell nor Nancy L. Watts have any right to recover in this suit. They receipted the commissioner for what was due them of the purchase money of the land, and are bound by their receipts as if they had actually received cash. The complainants, who were wards of Mrs. Mitchell, are entitled to enforce a lien on the land for five-ninths of the net proceeds of the sale. James C. Mitchell and his wife, Nancy, and their children took *per capita* under the will. Each owned one-ninth of the land. On the death of James C. Mitchell, his interest vested by survivorship in his wife. Hemingway *v.* Scales, 42 Miss. 1.

Therefore, at the time of the sale for division of the money arising from it, Mrs. Mitchell held two-ninths of the land, which, added to the interest of Moses P. Mitchell and Nancy Watts, make four-ninths, and, of course, leave five-ninths for the minors, wards of Mrs. Mitchell.

*Decree reversed* and cause remanded, to be proceeded with in accordance with this opinion.