■ SANDRA Y. DE GOLYER, Appellant, v. DONALD A. SCHUTT, Respondent.— Judgment unanimously affirmed, without costs. Memorandum: Plaintiff appeals from a judgment dismissing her complaint, after a trial of this action to partition real property conveyed to the parties as tenants by the entirety on June 26, 1963. She obtained a decree of divorce in Mexico on February 28, 1968, without the appearance of the defendant in the action either in person or by an attorney, and she remarried on April 5, 1968. She does not question the trial court's finding that the Mexican divorce is invalid but contends that the marital status of the parties was terminated by her remarriage and by defendant's conduct in residing at the property with a woman held out by him to be his wife although they had never entered into a ceremonial marriage. Without consent of both parties a tenancy by the entirety can only be destroyed by the

death of a spouse or upon the termination of the marital status. (*Plancher* v. *Plancher*, 35 A D 2d 417, 420-421, affd. 29 N Y 2d 880.) The marital status was not terminated by the invalid Mexican decree nor was it terminated by plaintiff's marriage in reliance thereon. Although defendant's conduct might well support an action for divorce on the ground of adultery, it could not support a finding that he had entered into another marriage, because there was no ceremonial marriage and no marriage in this State is valid unless solemnized (Domestic Relations Law, § 11). The marital status of the parties has not been terminated. They still hold title as tenants by the entirety, and no action for partition lies. (*Ripp* v. *Ripp*, 38 A D 2d 65; *Vollaro* v. *Vollaro*, 144 App. Div. 242.) (Appeal from judgment of Monroe Trial Term dismissing complaint in partition action.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.