PRATHER, Justice,
dissenting:
This case presents an analysis of a type of concurrent ownership of real property— the tenancy by the entirety — but more specifically a discussion of how such a tenancy may be terminated.
I.
At the outset, it is important that a historical perspective be given to the subject. At common law, the tenancy by the entirety was a peculiar kind of ownership of realty between husband and wife that resembled a joint tenancy, but was distinguishable from it. Ayers v. Petro, 417 So.2d 912, 914 (Miss.1982). Cornelius J. Moynihan in his treatise, Introduction to the Law of Real Property, West Publishing Company, Revised Edition, (1962), p. 229 described the distinctions thusly:
[Jjoint tenants were seized of a share and of the whole ..., but tenants by the entirety were seized of the whole and not of a share....
The footnote appended to this statement expresses our dismay with this statement and reads:
If you find this concept difficult to grasp, you are not alone. In his dissenting opinion in King v. Greene, 30 N.J. 395, 413, 153 A.2d 49, 60 (1959) Chief Justice Weintraub had this to say: “The estate by the entirety is a remnant of other times. It rests upon the fiction of a oneness of husband and wife. Neither owns a separate distinct interest in the fee; rather each and both as an entity own the entire interest. Neither takes anything by survivorship; there is nothing to pass because the survivor always had the entirety. To me the conception is quite incomprehensible.”
One of the most important characteristics of this type of concurrent ownership was, not only the right of survivorship, but more importantly, an “indestructible” right of survivorship. Moynihan, Real Property at 229. Neither spouse alone could defeat the right of survivorship of the other spouse.
The common law concept of tenancy by the entirety has been met by various responses in the United States, with some states even abolishing this estate. Many other states, including Mississippi, have limited the entirety estate by statutory enactment to require language of sufficient specificity to evidence an intent to create an estate by the entirety. The Mississippi statute is as follows:
All conveyances or devises of land made to two or more persons, including conveyances or devises to husband and wife, shall be construed to create estates in common and not in joint tenancy or entirety, unless it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy or entirety with the right *199 of survivorship. But an estate in joint tenancy or entirety with right of surviv-orship may be created by such conveyance from the owner or owners to himself, themselves or others, or to himself, themselves and others.
This section shall not apply to mortgages or devises or to conveyances made in trust.
Miss.Code Ann. § 89-1-7 (1972); Welborn v. Henry, 252 So.2d 779 (Miss.1971). The Mississippi judicial interpretations that have followed this enactment have maintained the concept of the “indestructible right of survivorship.” Ayers v. Petro, 417 So.2d at 914 (a purported conveyance by only one spouse of an estate by the entirety is insufficient to pass title); Cuevas v. Cuevas, 191 So.2d 843, 846-47 (Miss.1966) (a tenancy by the entirety may not be severed or destroyed by the act of one of the tenants); McDuff v. Beauchamp, 50 Miss. 531 (1874); Hemingway v. Scales, 42 Miss. 1 (1868) (husband and wife are seized of the entirety; during their lives, neither can alienate it so as to bind the other).
The concept of the inalienability of the tenancy by the entirety has been logically incorporated into other statutory procedures as well. Involuntary partition of real property is not available to tenants by the entirety, as distinguished from joint tenants or tenants in common. Miss.Code Ann. § 11-21-3 (1972). Nor may one spouse validly convey homestead-exempted property unless signed by the other spouse, with certain exceptions. Miss.Code Ann. § 89-1-29 (Supp.1990); Yazoo Lumber Co. v. Clark, 95 Miss. 244, 48 So. 516 (1909) (deed to homestead by husband alone is void).
II.
Termination of a tenancy by the entirety may be accomplished in several ways. The most obvious method of termination is by death of one of the spouses, and the property is vested in the survivor. 4 Thompson, Commentaries on the Modem Law of Real Property, § 1792, (1979); Burby, Handbook of the Law of Real Property, § 95, p. 227 (3d ed. 1965). The entirety passes by unity of the spouses, not by survivorship. Kahn v. Kahn, 43 N.Y.2d 203, 401 N.Y.S.2d 47, 371 N.E.2d 809 (1977). In DeGolyer v. Schutt, 40 A.D.2d 943, 339 N.Y.S.2d 240 (N.Y.App.Div.1972), the Court held only death or divorce terminates entireties.
Divorce of the spouses is another method of termination of the entireties. Burby, supra, at 1792. In Mississippi, which does not follow the majority view, upon dissolution of a marriage by divorce, the owners become joint tenants with rights of survivorship, and not tenants in common. Shepherd v. Shepherd, 336 So.2d 497, 499 (Miss. 1976).
The joint execution of a deed may terminate the tenancy. Losey v. Losey, 207 So.2d 283, 284 (Fla.Dist.Ct.App.1968); Bailey v. Smith, 89 Fla. 303, 103 So. 833 (1925); English v. English, 66 Fla. 427, 63 So. 822 (1913); contra Runco v. Ostroski, 361 Pa. 593, 65 A.2d 399 (1949), cited by the majority opinion. Mississippi has followed the rule that a unilateral action of one spouse may not terminate the entirety. Ayers, 417 So.2d at 914; Cuevas, 191 So.2d at 846 (citing authorities therein); Hemingway v. Scales, 42 Miss. 1 (1868); See also 4 Thompson, Real Property, § 1792 (1979).
It has also been suggested that Mississippi caselaw holds that the entirety may be terminated by contract or agreement of the tenants by the entirety. In Shepherd v. Shepherd, 336 So.2d 497, 499 (Miss.1976), this Court stated:
Appellant also argues that the parties intended that the estate by entirety be terminated. While it is true that a joint tenancy may be terminated by contract or agreement of the joint tenants as between themselves or may be deemed to have been terminated by implication when the parties enter into a valid contract containing provisions inconsistent with the continuance of the joint tenancy; however, there is no evidence in this case to support the claim the parties intended for the estate in entirety to be dissolved. (Emphasis added).
However, this case is no authority for the proposition that an entirety estate may be *200 terminated by contract or agreement. The above-quoted statement refers to joint tenants, not entirety tenants. No factual situation has been litigated and affirmed by this Court severing an entirety estate by contract or agreement in this jurisdiction, except by a joint deed of the tenants.
III.
This review of the common law and statutory history of tenancy by the entirety brings us to the issue in the case sub judice. A statement of the facts is set out in the majority opinion reciting that an agreement was reached between Ester Louie and Florene Childress regarding their entirety estate. According to the affidavit of their attorney, the Childresses agreed that (1) the wife was to have the undisturbed use and occupancy of the fifty-six (56) acres for her lifetime, and (2) the entire remainder interest was to go to their grandson, Rodney Wayne Long. It is my view that the majority opinion is inferring an intent to sever the tenancy from two separate documents on self-serving testimony of the attorney who prepared the deeds and now represents one of the parties in this litigation to uphold them.
Mississippi law has always held that a severance or transfer of an entirety estate must be by a joint deed. Our case law is clear and unequivocal; the procedure has been set forth over a century. The majority is abandoning well-established procedure in favor of the presumed intent of these deceased grantors.
The majority opinion is abandoning precedent, but without defined limits. This holding creates uncertainty as to the status of a tenancy by the entirety for the future. These two deeds were drawn by one attorney. What would this Court hold if two attorneys drew two separate deeds? Or if the deeds were executed two hours apart, or two days? What future effect will today’s holding have upon homestead deeds? Will we abandon a joint deed of homestead property to transfer title in our next decision? The status of a tenancy by the entirety is made uncertain by the majority opinion and could also have “serious ramifications in other areas of the law, such as tax, bankruptcy, access by creditors, aliena-bility, and divorce.” Property-Tenancy By The Entirety-Effect Of Divorce On Tenancy By The Entirety In Mississippi, 48 Miss.L.J. 352, 359.
I am of the view that our well-established law on severance of a tenancy by the entirety for failure to execute a joint deed has been violated here. Neither do I agree that the facts support a mutual agreement or consent. For consistency and stability in land law, I would hold that the two 1971 deeds are void.
IV.
The second reason that I would reverse the chancellor’s holding rests on the premise that the separate deeds purported to convey homestead property. Miss.Code Ann. § 89-1-29 (Supp.1990), requires the joint conveyance of both owners of homestead property to transfer title. This Court has held a conveyance without joint signatures of both husband and wife is void. Hendry v. Hendry, 300 So.2d 147, 149 (Miss.1974).
The chancellor’s findings of fact stated that “the parties were, in fact, not occupying the fifty-six (56) acre tract as their homestead on January 15, 1971; that they were living apart; that Florene was living on the place but that Louie had left and been separated from his wife for a period of more than a year.” (Emphasis added).
The emphasized language indicates to me that the property was homestead-exempted property where the wife was living. The husband had separated from her (but not divorced) and the property was not their (as opposed to her) homestead. The finding of fact does not specifically address whether the land was subject to homestead exemption. In due deference to the chancellor, the parties stipulated the issue here to be the validity of the 1971 deeds. Homestead was not in issue. I suggest that there is serious doubt as to the validity of the deeds on the homestead question.
V.
I respectfully dissent and would hold that the two 1971 deeds were void. From *201 that holding, I would suggest that after the divorce of Mr. and Mrs. Childress, their ownership was converted by operation of law to a joint tenancy with rights of surviv-orship. Shepherd, 336 So.2d at 499. Upon the death of Mr. Childress in 1981, Florence, the survivor, was vested with the entire estate.
Dotsy Newton claims ownership of the entire property by virtue of a quitclaim deed from Florence to her in 1985. If my position were to have prevailed, I would have remanded the case to the Chancery Court for the purpose of determining the validity of this deed and of the defenses raised to it by all parties necessary for a just adjudication. For these reasons, I respectfully dissent from the majority opinion.
SULLIVAN, J., joins this opinion.