W. C. ELLIS & Co. *v.* WM. WALKER ET AL.

[58 South. 97.]

1. HUSBAND AND WIFE.  *Estate conveyed.  Estate of entirety.  Survivorship.*

   Where a deed was executed in the year 1861 conveying lands to a husband and his wife, under the law then in force, it conveyed to them an estate by entireties and consequently on the death of either the other became the sole owner and may convey the fee of the land therein described.

2. SAME.

   In such case the fact that the word "his" is used instead of "their" in habendum clause is immaterial as this was merely a clerical error.

APPEAL from the chancery court of Simpson county. HON. R. E. SHEEHY, Chancellor.

Suit by Wm. Walker et al. against W. C. Ellis & Company et al. From a decree for plaintiff, defendant appeals.

This suit was commenced by bill in chancery by the appellees. The bill alleged that the land in question was conveyed by W. P. Smith to Elias Smith and Margaret Smith, his wife, on July 1, 1861; that the grantees occupied the property as a homestead for a short while, when Elias Smith joined the Confederate army and afterwards died in a hospital, about the year 1865; that at the time of his death, he left his widow, Margaret Smith, and three infant children—Tobitha, who afterwards married J. W. Adcock, Nancy, who married a Mr. Walker, and Margaret, who married a Mr. Womack; that said Tobitha died intestate, leaving as her heirs at law her husband, J. W. Adcock, and seven children; that Mrs. Nancy Walker died intestate, leaving three children, her husband having died; that Mrs. Womack is still living; that J. W. Adcock and his wife, who was the oldest daughter, moved upon this property about the year 1887, and occupied it continuously for about fifteen years, and that while living upon the place, Mrs. Margaret Smith, the widow of Elias Smith, lived with them; that Mrs. Tobitha Adcock died about the year 1895; that said J. W. Adcock had, in 1899, sold the timber on said land to Eastman-Gardner Lumber Company, and afterwards sold the land in question to W. C. Ellis & Company, in 1908, both of whom, together with J. W. Adcock, are made parties defendant to the bill. The prayer of the bill is for a cancellation of the deeds from Adcock to the other defendants. and for damages for the timber removed, and for sale of the property and division of the proceeds.

The deed executed by W. P. Smith to Elias Smith and wife is as follows: "State of Mississippi, Simpson

county. This indenture, made and entered into this July 1, A. D. 1861, between Wm. P. Smith, of the first part, and Elias Smith and Margaret Smith, his wife, of the second part, all of the state of Mississippi, witnesseth: That said party of the first part, for and in consideration of the sum of three hundred dollars to him in hand paid, the receipt of which is hereby acknowledged, have this day granted, bargained, sold, and by these presents do grant, bargain, sell, unto said party of the second part and to his heirs and assigns, all our right and title and interest in the following tract of land or parcel of land lying and being situated in said county and state: The west half of the southwest quarter and the southeast quarter of the southwest quarter of section thirteen in township ten north, of range 17 west, containing one hundred and eight acres, more or less—to have and to hold the same to him, said party of the second part, his heirs and assigns, and against the said party of the second part, his heirs, executors, and administrators, and against any and all persons claiming or to claim the said by or under the state of Mississippi. In testimony whereof I set my hand and affix my seal the day and year above written. [Signed] W. P. Smith.''

It is the contention of the complainants, the widow, Mrs. Margaret Smith, Mrs. Womack, and the children of Mrs. Walker and Mrs. Adcock, that this conveyance vested title only in Elias Smith, and that his wife had only her dower interest in the property, with remainder over to her children. In the bill the widow waives her right of dower. It is contended that the three children and their heirs at law, therefore, own respectively a third interest in said property, and that therefore the conveyances by J. W. Adcock, are void, except as to his interest (one twenty-fourth) as an heir at law of his said wife.

The defendants answer the bill, denying that complainants have any interest at all in the property, for the

reason that, Mrs. Margaret Smith being a joint tenant with Elias Smith at the time of his death, his interest in the property descended to her in entirety under the Code of 1857 then in force, and that thereafter she became the sole owner of the premises, and that thereafter, in the year 1888, Margaret Smith deeded this property to J. W. Adcock. Said deed is as follows: "Know all men by these presents that I, Margaret Smith, for and in consideration of the natural love and affection which I have and do bear towards my beloved son-in-law, J. W. Adcock, have this day given and granted and delivered, and by these presents doth give, grant, and deliver, unto my said son-in-law the following property to-wit: W. ½ of S. W. ¼ and S. E. ¼ of S. W. ¼ of section 13, township 10 north, of range 17 west, containing one hundred and eight acres, more or less to have and to hold the same, and to his heirs and assigns, forever, for the purpose of taking care of me while I live here on this earth, and that it shall be his property hereafter. To have and to hold the same unto my said son-in-law and to his heirs and assigns forever." Since she had conveyed it to J. W. Adcock, his ownership at the time of the conveyances to the other defendants was absolute, since he continued to occupy the land under said deed and had it assessed in his own name, paying taxes thereon and exercised all the rights of ownership without dispute, for more than ten years.

*Shannon & Street,* for appellant.

We first contend that the deed executed by W. P. Smith, the patentee, to Elias Smith and Margaret Smith, his wife, on July 1, 1861, did not create a joint tenancy in Elias Smith and his wife, Margaret Smith, but under the Code of 1857 made them "tenants of the entirety."

We think the above deed states who the grantees are without any doubt, namely, "Elias Smith and Margaret Smith, his wife, party of the second part." We think

the deed was carelessly drawn, but we think it clearly states who are to be the grantees. If Elias Smith and Margaret Smith, his wife, are the grantees, as we contend, there is no conflict as to the law controlling at the time of the execution of the deed as well as the death of Elias Smith, which occurred about 1867. The Code of 1857 was in effect at that time and has been repeatedly construed by this court. See *Taylor* v. *Stone,* 13 S. & M., 652; *Hemingway* v. *Scales,* 42 Miss. 97, Am. Dec. 425; *McDuff* v. *Beauchamp,* 50 Miss. 531. Section 1197 of the Code 1880, which removed the common law disabilities of married women, does not apply to conveyances prior to the adoption of the Code of 1880. *Gresham* v. *King,* 65 Miss. 387; 4 So. 120.

We contend that upon the death of her husband, Elias Smith, the wife, Margaret Smith, became seized and possessed of the entire interest in said land, and had a full and complete title to all of the land, instead of only a life's estate (as contended for by counsel for appellant and as held by the lower court). See the last four named authorities.

If the said Margaret Smith became seized and possessed of the entire estate in the three forties in litigation on the death of her husband, the said Elias Smith, it but follows that when she sold and conveyed said land to defendant, J. W. Adcock, in 1888 she conveyed to him full title and it vested in said Adcock a complete legal and equitable title to the said three forties, and "nothing remained in the grantor except the possibility" of a reverter or right of entry upon a condition broken. This deed is Exhibit "A" to defendant Adcock's answer. *Memphis & R. Co.* v. *Neighbors,* 51 Miss. 412; 2 Miss. Dig., 865.

*D. C. Enochs,* for appellee.

SMITH, J., delivered the opinion of the court.

The deed from William P. Smith to Elias Smith and Margaret Smith, his wife, executed in July, 1861, which the reporter will set out in full, under the law then in force, conveyed to them an estate by entireties, and consequently at the death of the husband the wife became the sole owner of the land therein described. *Hemingway* v. *Scales,* 42 Miss. 1, 97 Am. Dec. 425, 2 Am. Rep. 586; *McDuff* v. *Beauchamp,* 50 Miss. 531. It is true that in referring to the heirs and assigns of the grantees in the deed they are described as his heirs and assigns; but this was evidently a clerical error, and, at most, can only be said to make the deed ambiguous. The grantees, however, are specifically designated in the deed, and it is hardly possible that the grantor intended to eliminate one of them by merely using the masculine pronoun "his" in referring to the heirs and assigns, instead of the pronoun "their." There are several errors of this character in the deed. It recites that "the grantor do grant, bargain, and sell," etc., "all our right, title," etc., and warrants the title against all parties claiming through and under them.

This being true, the deed executed by Margaret Smith, after the death of her husband, to J. W. Adcock, vested in him the fee to the land. Counsel for appellees in their brief seem to argue that this deed to Adcock should be canceled for the reason that he failed to comply with his contract to support the grantor therein. But this question does not arise, for the reason that the bill was not filed for that purpose and contains no reference to this deed at all. It was filed on the theory that appellees were entitled to a partition of the land, for the reason that it was owned by Elias Smith at his death in fee, and that they (appellees) were his legal heirs.

The decree of the court below is reversed and the cause dismissed.                                   *Reversed.*