25 N.J. Super. 226 (1953)
95 A.2d 767
JOSEPH A. CRAIG, PLAINTIFF,
v.
MARGARET CRAIG, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 13, 1953.
*227 Mr. Clarence Blitz for plaintiff.
Mr. Robert N. McAllister for defendant (Messrs. Coulomb, McAllister & Hunter, attorneys).
HANEMAN, J.S.C.
Plaintiff herein, the administrator of Joseph A. Craig, seeks the specific enforcement of a contract with the defendant, the widow of Joseph A. Craig. The defendant moves to dismiss the suit on the ground that the questions here involved are moot. The facts in connection herewith are as follows:
On May 5, 1952 Joseph A. Craig entered into an agreement with his then wife, the defendant herein, among other things, for the sale to her of his interest in a certain parcel of real estate situate in the City of Egg Harbor City, County of Atlantic and State of New Jersey, to which the said parties had title as tenants by the entirety. Subsequent to the filing of this suit, and more particularly on November 5, 1952, the said Joseph A. Craig died intestate, leaving him surviving as his sole heir and next of kin the defendant.
*228 It appears upon this motion that there is at least one creditor of the estate of plaintiff, to wit, his counsel in this litigation, Clarence Blitz, Esq.
It is apparently undisputed that consistent with the terms of said agreement the deed for the property here involved, duly executed, was delivered by Joseph A. Craig in escrow to Charles Raymond Kears, Esq.
The defendant apparently rests her argument on the proposition that her husband had, at best, only a life interest, which terminated upon his death, and that thereupon the entire title became vested in her. In effect, she states that since her husband had no title left at his death to convey to her, and she obtained title by operation of law, there is no obligation on her part to pay the balance of the consideration called for in said agreement.
Defendant's argument overlooks two recognized legal principles: (1) a tenancy by the entirety is a tenancy in common between husband and wife, for their joint lives, with the remainder to the survivor in fee. Either spouse may sell the life interest which he holds in common with the other, but can dispose of the remainder estate only with the assent or consent of the other. Schumann v. Curry, 121 N.J. Eq. 439 (Ch. 1937). Consistent with this recognized legal principle, the husband agreed to sell and the wife agreed to purchase both the life estate of her husband, with the right to possession as a tenant in common thereunder, and the remainder which would have vested in him upon the predecease of his wife. The defendant, therefore, was purchasing not only the life estate, but such estate in remainder as the husband had. (2) Upon the execution of an agreement for the sale of the real estate the vendor holds merely the naked legal title as trustee for the vendee and the latter is vested with the equitable title. This is the normal doctrine applicable to cases of this type and the theory of equitable conversion is carried forward consistently, with the result that on the vendor's death his personal representatives become entitled to the purchase money and upon the *229 vendee's death title vests either in his devisees or heirs at law, depending on whether he died testate or intestate.
In the light of the foregoing, it is here held that upon the signing of a binding agreement the defendant was vested with the entire title and became obligated to make payment to her husband under the terms of the contract for the balance of the purchase price.
It must be conceded, of course, that since her husband died intestate and she is admittedly his sole heir at law, there would be no purpose in continuing this litigation, except for the presence of creditors of the husband's estate. The question would then be moot. In the light of the presence of such a creditor, the motion will be denied.