191 So.2d 843 (1966)
Franklin J. CUEVAS and Mrs. Clyde M. McCallum
v.
Mrs. Donna CUEVAS.
No. 44126.
Supreme Court of Mississippi.
November 14, 1966.
*844 Upton Sisson, Gulfport, for appellants.
Eaton, Cottrell, Galloway & Lang, Gulfport, for appellee.
SMITH, Justice.
Franklin J. Cuevas and Mrs. Clyde M. McCallum have appealed from a decree of the Chancery Court of Harrison County declaring invalid an attempt by the former to convey to Mrs. McCallum an interest in Harrison County realty, and directing him to convey such interest to Mrs. Donna Cuevas, the appellee.
Franklin J. Cuevas and Mrs. Donna Cuevas were formerly husband and wife, and for many years lived together and made their home at Gulfport in Harrison County, Mississippi. They acquired and occupied as their home the property which is the subject of the present litigation.
In 1948 this property had been conveyed to Franklin J. Cuevas and Donna Cuevas, his wife, "as joint tenants in entirety and not as tenants in common, but to the survivor. * * *"
Several years before the inception of the present controversy, Mr. and Mrs. Cuevas moved to the State of Georgia where they made their home and continued to live together as husband and wife. After moving to Georgia, the parties became involved in a series of matrimonial difficulties and several suits for divorce were filed and withdrawn following reconciliation of the parties. The chief source of the trouble between them appears to have been a relationship which Mr. Cuevas had formed with Mrs. Clyde M. McCallum, a woman somewhat younger than himself.
The marital situation continued to deteriorate until, on April 6, 1965, Mrs. Donna Cuevas, then living apart from her husband, filed suit in the Superior Court of Houston County, Georgia against him and Mrs. McCallum. She asked for support, including an award of his interest in the real property in Harrison County, Mississippi, and to have set aside a conveyance by Cuevas to Mrs. McCallum of certain Georgia real estate. At the time, she was unaware that he had already attempted to convey his interest in the Harrison County property to Mrs. McCallum. She alleged in her petition that Cuevas was carrying on a love affair with Mrs. McCallum, that he was allowing her to use his automobile and allowing her to spend considerable time in his home, that he had conveyed to Mrs. McCallum certain real property in the State of Georgia for the purpose and with the intent of defeating her recovery of alimony, and that Mrs. McCallum took the deed with notice of such purpose and intention and conspired with him in his effort to defeat her recovery of alimony. She further charged that it was *845 impossible for her to live with Cuevas because of his infidelity and cruelty.
On April 23, 1965, Franklin J. Cuevas filed a petition in the Superior Court of Houston County, Georgia, the court in which the above suit for support was then pending, seeking a divorce from Mrs. Donna Cuevas on the ground of "mental cruelty." He alleged that Mrs. Cuevas "had treated him cold and had not manifested love and affection" for him.
He concluded his petition with this language:
"She has an undivided interest in a home in Gulfport that with the furnishing is valued at about $25,000, to her interest $12,500 and petitioner offers to pay to defendant to supplement her income for support the sum of $75 each two weeks, which would make her total income to be $292 monthly. That the home referred to is open and like she left same when she came to Georgia last, and is open for her occupancy as she has occupied for so many years."
He failed to disclose in his petition that on April 6, 1965, he had executed a conveyance to Mrs. Clyde McCallum, purporting to convey to her an undivided one-half interest in the Gulfport property for "$1.00 and other good and valuable considerations." In filing his petition against Mrs. Donna Cuevas, Franklin J. Cuevas made no mention of this fact, but indicated that Mrs. Donna Cuevas would be permitted to occupy the Gulfport home as she had done formerly.
On May 29, 1965, Franklin J. Cuevas and Mrs. McCallum agreed, through their respective attorneys, to the entering of an order by the Georgia court consolidating the issues of the two pending suits and to have them tried "as one case" in the Houston County Superior Court, before a jury.
On June 11, 1965, in the course of litigation, and after it was discovered that Cuevas had also attempted to convey his interest in the Gulfport property to Mrs. McCallum, the court entered an order, by agreement between the attorneys for Franklin J. Cuevas and Mrs. Clyde McCallum and the attorney for Mrs. Donna Cuevas, restraining and enjoining Mrs. McCallum from selling or in any manner disposing of the title or any interest in the Gulfport property. An agreed order had been entered previously restraining Cuevas from attempting to do so.
Pursuant to the agreement to consolidate and submit to a jury as one case, the matter was submitted to a jury which awarded a divorce to Cuevas, set aside the attempted conveyance of his interest in the Mississippi property to Mrs. McCallum and awarded it to Mrs. Donna Cuevas, together with a money allowance, all as alimony. The award of alimony from the corpus of the husband's estate, including land, is sanctioned by Georgia law. Wise v. Wise, 156 Ga. 459, 119 S.E. 410 (1922); Gholston v. Gholston, 54 Ga. 285 (1875); Ga.Civ.Code § 30-209 (1933).
Based on the verdict, the court entered a decree setting aside the attempted conveyance from Franklin J. Cuevas to Mrs. Clyde M. McCallum and awarding the interest of Franklin J. Cuevas in the Harrison County property to Mrs. Donna Cuevas as alimony, and also provided that Franklin J. Cuevas should pay her $100 per month until her death or remarriage.
This was a final decree. There was no motion for a new trial and no appeal was prosecuted from it by any party, the time for appealing having long since expired.
However, on July 2, 1965, attorneys for Mrs. McCallum wrote to Mrs. Donna Cuevas at Gulfport, demanding payment by her of rent for the use of the Harrison County property, claiming that Mrs. McCallum owned an undivided half interest in it under her deed from Franklin J. Cuevas.
Mrs. Donna Cuevas rejected this demand and filed a bill, based upon the Georgia decree, in the Chancery Court of Harrison County against Franklin J. Cuevas and Mrs. Clyde M. McCallum, both residents of *846 the State of Georgia, in which she sought a decree of the Harrison County Chancery Court establishing and recognizing the decree of the Superior Court of Houston County, Georgia, setting aside the attempted conveyance of the property from Franklin J. Cuevas to Mrs. McCallum, and directing the conveyance to her of the undivided interest of Cuevas. The bill gave a history of the litigation between the parties in the Superior Court of Houston County, Georgia and exhibited copies, properly certified, of the proceedings in that court in the two consolidated cases.
Franklin J. Cuevas and Mrs. Clyde McCallum answered the bill separately and asserted that Mrs. McCallum was the owner of an undivided half interest in the Gulfport property under the conveyance from Cuevas, and that the decree of the Georgia Court was void insofar as it attempted to affect title to realty in Mississippi. Mrs. McCallum also filed a cross-bill in which she sought a sale of the property for a division of the proceeds.
In answering the cross-bill, Mrs. Donna Cuevas reiterated her charge that Franklin J. Cuevas and Mrs. McCallum had acted in concert and had conspired together in making the purported conveyance for the purpose of defeating the recovery of alimony on her part.
The matter was presented to the chancellor on documentary proof, including certified copies of the Georgia proceedings. After determining that all parties were personally before the court and that the court had jurisdiction of the parties and subject matter, the chancellor found the conveyance from Franklin J. Cuevas to Mrs. McCallum to be void and of no effect, that the decree of the Superior Court of Houston County, Georgia was a valid final decree and entitled to be accorded full faith and credit as such, that no appeal had been taken, and such decree should be recognized and be given full force and effect. He found that Mrs. Donna Cuevas was entitled to have the rights acquired under that decree enforced by the Harrison County Chancery Court. He held further that Mrs. McCallum was entitled to no relief under her cross-bill.
The chancellor ordered cancelled the attempted conveyance of his interest in the Gulfport property by Franklin J. Cuevas to Mrs. McCallum and directed the clerk to enter the cancellation upon the record. He adjudged that Mrs. Donna Cuevas was the equitable owner of the property and entitled to have the claim of Mrs. McCallum cancelled as a cloud on her title.
Franklin J. Cuevas was ordered to convey his interest in the property to Mrs. Donna Cuevas, and the decree contained a provision that in the event he should fail to do so within ninety days, a special commissioner should make the conveyance.
It is from that decree that Franklin J. Cuevas and Mrs. Clyde M. McCallum have appealed here.
The cancellation of the conveyance executed by Franklin J. Cuevas purporting to convey an undivided half interest in the Gulfport property affords no difficulty. It is clear from the language employed in the conveyance to Franklin J. Cuevas and his wife, Mrs. Donna Cuevas, that an estate by the entireties was intended to be created and was created by that instrument. Such an estate may not be severed or destroyed by the act of one of the tenants. Carter v. Sunray Mid-Continent Oil Co., 231 Miss. 8, 94 So.2d 624 (1957); Wolfe v. Wolfe, 207 Miss. 480, 42 So.2d 438 (1949); Hemingway v. Scales, 42 Miss. 1 (1868); Miss. Code Ann. § 834 (1956); Miss. Code Ann. § 2441 (1892); 4 Thompson, Real Property, § 1791 at 96 (1961, Supp. 1965).
Appellants counter by citing Bird v. Stein, 102 F. Supp. 399 (S.D.Miss. 1952), wherein the Court said:
"An estate by the entirety consists of five unities: time, title, interest, possession and marriage, all of which must co-exist, *847 while a joint tenancy possesses all these except marriage." 102 F. Supp. at 404.
But on April 6, 1965, the date on which Franklin J. Cuevas attempted to convey to Mrs. McCallum, he and Mrs. Donna Cuevas were husband and wife.
Appellee quotes from 4 Thompson, Real Property, section 1792 at 102 (1961), where it is stated:
"While the marriage exists neither husband nor wife can sever this title so as to defeat or prejudice the right of survivorship in the other. * * *"
"* * * Ordinarily a conveyance executed by only one of the tenants in entirety is inoperative and ineffective to pass title."
In the proceedings in the Georgia court, neither Mrs. McCallum nor Cuevas appear to have affirmatively asserted that Mrs. McCallum actually became the owner of an undivided half interest in the property under his deed. Since the conveyance was ineffective to transfer Cuevas' interest to Mrs. McCallum, even under the above authorities cited by appellants, at the time of the entry of the Georgia decree Cuevas had not been divested of his interest in the property.
A determination of the question as to the effect of the Georgia decree with respect to the Harrison County realty is not without difficulty. Marriage is a legal relationship between individuals, to which attach certain rights and obligations, the securing and enforcement of which are matters of public policy of the State of the marital domicile. The courts of that state have jurisdiction of the marital res, and exclusively may determine and declare these several rights and obligations.
In most, if not all jurisdictions, divorce, alimony and questions relating to property rights dependent upon or arising out of marriage, are regulated by statute. In Georgia, the court having jurisdiction of the parties and marital res in a divorce action, or an action between husband and wife involving support, may make an award of realty in the nature of alimony, to the wife. This is an enforceable right that a wife residing in Georgia has in a divorce action against her Georgia husband where the court has acquired jurisdiction of the marital res as well as of the persons of the parties.
Inevitably cases will arise where property, real and personal, upon which those rights and obligations operate as between the parties themselves, in personam, will be situated in a state other than the forum state. The court having jurisdiction of the parties and of the marital res may, and should, as between them, determine their legal rights and obligations with respect to such foreign property, although the court of the forum is without jurisdictional power to act directly upon title to foreign real estate. The final judgment of the forum court in such a case operates, in personam, and is conclusive upon the parties in subsequent actions between them. It may form the basis of a suit in the state of the real property situs for enforcement by the courts of that state of the rights determined and declared in the original action which arose out of the marital relationship. In such event, the doctrine of collateral estoppel will operate to prevent re-litigation of issues in the former suit, and, in a proper case, a judgment or decree will be entered by the court of the situs state based upon the foreign judgment and giving it effect.
In Fanchier v. Gammill, 148 Miss. 723, 114 So. 813 (1927), the Court had before it the question of enforcing a decree for alimony entered by a foreign state. The Court said that the question presented was whether or not a decree of divorce and alimony by a foreign state court can be established and enforced by the courts of equity in this state, or whether such a decree for alimony granted by another state can only *848 be enforced by execution in the same manner as a judgment at law.
The Court decided that a judgment or decree for alimony carries with it "a special power and right of enforcement" not given in judgments at law. There is a difference between a judgment for money or property and that of a decree for alimony; and the decree for alimony, because of such difference in the character of the obligation, may be enforced by more efficient and effective means than those given to the enforcement of judgments at law.
The Court considered and rejected the argument that "this extraordinary right of enforcement, due to the character of the judgment, be destroyed and annulled in its power, when it is attempted to be established and enforced in our state upon a decree rendered in a foreign state." 148 Miss. at 738, 114 So. at 814.
The Court concluded by saying that it would "adopt that rule which allows the enforcement of a foreign decree for alimony in the same manner that it could have been enforced, if originally obtained here, to wit, by attachment and contempt proceedings in the chancery court of our state." 148 Miss. at 738, 114 So. at 813.
The state court having jurisdiction of the parties and of the marital res is the only forum where those rights dependent upon the fact of the marriage can be litigated or determined, although subsequently it may become necessary to resort to another forum for ultimate enforcement.
In Bunkley & Morse, Divorce and Separation in Mississippi, section 6.15 at 198 (1957), commenting on the Fanchier case, supra, the writers state:
"The chancery courts of this state have no power to alter, change or modify a foreign decree for alimony, but only to enforce it. It follows that they have no authority to enforce such a decree unless it is final by the laws of the state which rendered it. Hence a decree for alimony rendered in a foreign state which can be varied, annulled or modified at any time by the court rendering it cannot be enforced by the chancery courts of this state. But if the power of modification or revocation be limited to future installments, the decree is final so far as relates to installments already accrued, but not to those not accrued.
"Obviously a foreign decree has no effect in this state until duly established in a suit brought for that purpose by the wife against the husband, as in case of other foreign judgments. * * *"
In Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So.2d 289 (1956), there was an appeal from a decree of the Chancery Court of Jefferson County, Mississippi confirming title in McKendrick to certain oil, gas and mineral leases, and cancelling certain claims of Lyle Cashion Company as clouds upon his title.
In the cited case, the original complaint had been filed in the United States District Court for the Eastern District of Louisiana and sought a declaratory judgment "as to the rights and other legal relationships of the parties" under an agreement respecting the interest involved in the real estate situated in Mississippi. The United States District Court, 97 F. Supp. 1008, acquired jurisdiction of the parties and a full hearing of the controversy was had in that court which entered a judgment declaring appellee to be the owner of the property involved. The judgment was affirmed by the United States Circuit Court of Appeals, Fifth Circuit, 204 F.2d 609.
Suit was then filed in this state in the Chancery Court of Jefferson County based upon the U.S. District Court's judgment and seeking the cancellation of the claims of the opposing party to the interests involved.
At the chancery court trial, the entire record and proceedings of the District Court suit were introduced. No other evidence was received.
*849 The defense was that the proceedings in the Louisiana court were ineffective and the judgment void for lack of jurisdiction over the real property in Mississippi. The court said that the question for determination was whether a declaratory judgment of a Louisiana federal district court declaring the rights and other legal relations of the parties to a contract involving interests in land in this state is effective and binding on the parties and their privies so as to preclude re-litigation in a subsequent suit in this state of the specific questions actually litigated and determined.
The Court considered the question at length and concluded:
"Under the principle of collateral estoppel appellant is precluded from relitigating in the present suit specific questions actually litigated and determined by and essential to the judgment in the prior suit, even though a different cause of action is the subject of the present suit. The doctrine of res judicata has two aspects: (1) Merger of the cause of action into the judgment or as a bar precluding a party from maintaining another action on the same cause of action irrespective of what issues were litigated or determined in the former action, and (2) the principle of collateral estoppel which precludes relitigation in another action of a specific question actually litigated and determined by and essential to the judgment, even though a different cause of action is the subject of the subsequent proceeding. This principle applies to declaratory judgments the same as to any other judgment. Annotation 10 A.L.R. 782. Cf. Etheridge v. Webb, 210 Miss. 729, 50 So.2d 603. * *" 227 Miss. at 906-907, 87 So.2d at 293.
In the case now before us, after Mrs. Donna Cuevas had brought suit against Franklin J. Cuevas and Mrs. McCallum, Franklin J. Cuevas invoked the jurisdiction of the same court by filing a petition for divorce in which he tendered payment of alimony and the use of the Gulfport property as a home for Mrs. Donna Cuevas. Both Franklin J. Cuevas and Mrs. McCallum, represented by counsel, expressly consented to the entering of a decree consolidating these two cases which were, in fact, related as to subject matter, and agreed that they might be tried as one case. In Lyle Cashion Co. v. McKendrick, supra, the Court said:
"It is equally well settled that one who selects a forum and affirmatively invokes its jurisdictional power to determine questions arising under a contract involving real estate situated in another state and a judgment is rendered binding on the parties personally, such judgment is conclusive of the questions determined so as to preclude the party who invokes the jurisdiction from relitigating the same questions in the state where the property is situated. * * * In such case, the judgment or decree does not operate directly on the property, but on the party; it does not vest or divest title, but is conclusive of the legal rights under the contract, insofar as those rights were determined, and as such may be used as evidence to establish title in the State where the land is situated." 227 Miss. at 907, 87 So.2d at 294.
In the case cited, the court correctly concluded that nothing in the decision did violence to the universal rule that a court cannot directly affect or determine the title to real property located in another state.
But, although a court may not act directly upon the title to real estate beyond its jurisdiction, such a court having acquired jurisdiction of the parties, may enter orders and decrees affecting their dealings with such real property, so as to bind them personally, and such orders or decrees may be pleaded as a cause of action, a bar or defense in the state where the land is situated. See Greer v. Greer, 189 S.W.2d 104 (Tex.Civ.App. 1945), rev'd on other grounds 144 Tex. 528, 191 S.W.2d 848 (1946); Baughan v. Goodwin, 162 S.W.2d *850 732 (Tex.Civ.App. 1942); Hall v. Jones, 54 S.W.2d 835 (Tex.Civ.App. 1932).
In Hemingway v. Scales, 42 Miss. 1 (1868), the Supreme Court of this State said:
"The common law forms the basis of our system of jurisprudence, and remains in force until repealed, changed, or modified by statute. It clearly recognizes the distinction between the estates of joint tenants, and that of husband and wife upon a conveyance to them. In the case of joint tenants in fee simple, each would have a right, without the consent of the other, to dispose of an undivided moiety of the inheritance. But in the case of a conveyance of land in fee simple to a man and his wife, they take not by moieties, but by entireties; and whilst the husband may do what he pleases with the rents and profits during coverture, he cannot dispose of any part of the inheritance without his wife's concurrence." 42 Miss. at 16.
This rule has never been abrogated and is the subject of an exclusionary provision under Mississippi Code Annotated section 834 (1956), the present statute providing for the creation of estates in common.
Mrs. McCallum acquired no interest in the Harrison County property, and moreover, she participated and acquiesced in the trial of the issue in the Georgia Court as to the validity of Cuevas' deed to her. She cannot now be heard to say that the final decree is not conclusive upon her.
The Georgia decree is conclusive as between the parties and operates as an estoppel, preventing the re-litigation of issues submitted to and decided by the Georgia court. The Georgia decree was properly pleaded by Mrs. Donna Cuevas as a cause of action in the Chancery Court of Harrison County and warranted the entry of a decree of that court giving effect to the Georgia decree.
Affirmed.
ETHRIDGE, C.J., and RODGERS, JONES and BRADY, JJ., concur.