DAN M. LEE, Presiding Justice, for the Court:
This is an appeal by Ms. Dotsy C. Newton from the Tallahatchie County Chancery Court, Second Judicial District. In Ms. Newton’s capacity as the executrix of the estate of her deceased father, Ester Louie Childress, an uncertainty arose over title to fifty-six acres of land located in Tallahat-chie County.
In the Final Account and Petition to Close Estate, Ms. Newton indulged the court’s assistance in determining ownership and quieting title to this property. Summonses were issued to several interested persons who might claim any interest in this land. Mr. Rodney Wayne Long, grandson of the decedent, filed an Answer to the Final Account and Petition acknowledging that he had no interest in the estate of Ester Louie Childress, but rather Mr. Long claimed that he owned a one-half interest in the fifty-six acres which should not be considered an asset of the estate. Ms. Newton filed an Answer and Cross Complaint in her individual capacity alleging that she was the sole owner of the entire fifty-six acres.
After a hearing on January 17, 1989, the chancellor entered a Final Decree which adjudged Rodney Wayne Long as the owner of an undivided one-half interest in this property. Being aggrieved by this judgment, Ms. Dotsy C. Newton in her individual capacity has appealed to this Court.
As the facts will reveal, this appeal requires this Court to answer a very specific question which has not been previously addressed in this factually analogous context.
I. DOES MISSISSIPPI REQUIRE A JOINT DEED BY BOTH HUSBAND AND WIFE OWNING PROPERTY AS TENANTS BY THE ENTIRETY IN ORDER TO SEVER THE ESTATE AND CREATE A REMAINDER INTEREST IN A THIRD PERSON; OR, CAN SEPARATE, INDI *193 VIDUAL DEEDS WHICH WERE EXECUTED, ACKNOWLEDGED AND RECORDED AT THE SAME TIME AND PLACE BE USED TO ACCOMPLISH THIS END?
We hold that separate deeds may be used to sever an estate in the entirety under a narrow range of circumstances whereby both spouses act in concert pursuant to a common purpose and without derogation of the other’s right of survivorship. Therefore, we affirm the chancellor’s decree adjudging Rodney Wayne Long as the owner of an undivided one-half interest to fifty-six acres of land in Tallahatchie County.
FACTS
Ester Louie and Florene Childress acquired approximately fifty-six acres of land in Tallahatchie County in 1944 as an estate in the entirety[1] with right of survivorship and not as tenants in common. The Chil-dresses occupied this fifty-six acres as their homestead for a number of years. However, their marriage began to deteriorate, and Ester Louie moved away from the property, which had been their homestead, with no intention to return.[2] At some time prior to January 1971, Ester Louie and Florene reached an agreement whereby Florene would sue for divorce, and Ester Louie would relinquish his interest in this property. Furthermore, the couple agreed that Florene would have a life estate in the property, and upon her death, the estate would pass to their grandson, Rodney Wayne Long.
On January 15, 1971, Rodney Wayne Long drove Florene to the law office of Mr. John W. Whitten, Jr., in Sumner, where they met Ester Louie. The purpose of this meeting was to prepare the necessary deeds in order to give effect to the prior agreement that Ester Louie and Florene had reached. The grandson waited in the reception area while Ester Louie and Flo-rene met with the attorney. According to Mr. Whitten’s affidavit which is contained in this record, the agreement was that Flo-rene was to have the undisturbed use and occupation of the fifty-six acre tract for her lifetime; and upon her death it was their wish that the entire fifty-six acres would succeed to their grandson, Rodney Wayne Long. Mr, Whitten concluded that the best way to accomplish this was by the execution of two separate warranty deeds.
The first warranty deed contained a conveyance of Ester Louie’s interest to his wife for the term of her natural life with a remainder interest to the grandson.
I, ESTER LOUIE CHILDRESS do hereby sell, convey, warrant and deliver unto FLORENCE (sic) WALKER CHIL-DRESS, my wife, for the term of her natural life, with remainder as hereinafter recited, my undivided interest in and to the following described real property. ...
******
At the death of the said Florence (sic) Walker Childress, my said undivided interest ... shall go to my grandson, Rodney Wayne Long.
This deed was executed on the 15th day of January, 1971, and was recorded on January 25, 1971, at 1:50 p.m. The second *194 warranty deed was executed and acknowledged at the same time and bears a rec-ordation time of five minutes later on January 25,1971, at 1:55 p.m. This second deed was a conveyance by Florene Childress as grantor of an undivided one-half interest to Rodney Wayne Long but with a reservation of a life estate in the grantor.
I, Florence [sic] Walker Childress, do hereby convey, warrant and deliver unto my grandson, RODNEY WAYNE LONG, subject to the reservation of a life estate as hereinafter recited, my undivided one-half interest in and to the following described real property....
******
But reserving unto myself, the said Florence [sic] Walker Childress, a life estate in said property.
On the same day that the deeds were recorded, January 25, 1971, Florene filed her Bill for Divorce against Ester Louie who had since become a Florida resident. Therefore, the ownership arrangement regarding the property was clearly a division of the marital property in anticipation of the impending divorce. Ester Louie entered a waiver of process and did not contest the divorce action, and a divorce was granted approximately four months later on May 11, 1971.
The next key date in this scenario occurred eight years later on April 26, 1979, when the appellee, Rodney Wayne Long, executed a quitclaim deed of one-half of his remainderman interest in the fifty-six acres back to his grandfather.
I, ... Rodney Wayne Long, hereby remise, release and forever quit-claim to Ester Louie Childress one-half of my right, title and interest....
Subsequent to his divorce from Florene in 1971, Ester Louie remarried and died testate on May 27, 1981. Ester Louie named his daughter, Dotsy Clark, appellant, as his executrix. Through a residuary clause in his will, Ester Louie named six devisees, all being his children, who would succeed to any interest that he still owned in this property at his death; Wilma Bled-soe, Hugh Allen Childress, Lacy Biles Chil-dress, Stacy Giles Childress, Dotsy Clark Newton (appellant) and Louie Wesley Chil-dress. Ester Louie’s widow relinquished all of her right, title and claim to her deceased husband’s estate by a quitclaim deed executed by her in February of 1988, to the six residuary devisees named in her husband’s will.
Four years following the death of her ex-husband, Florene Childress quitclaimed all of her right, title and interest in the fifty-six acres to her daughter, Dotsy C. Newton. This deed was executed and recorded on July 30-31, 1985. Although the record is not developed on this fact, the briefs of counsel inform the Court that Florene Chil-dress died in 1987. Upon Florene’s death, any remainder interest that Rodney Wayne Long might own became present possesso-ry subject to the rights of possible coten-ants from the last will of Ester Louie Chil-dress. Hence, Mr. Long’s claim of a one-half interest in this property is in direct conflict with Ms. Newton’s claim of complete ownership of the entire fifty-six acre estate.
DISCUSSION
The question raised on this appeal hinges on the validity of the two separate deeds executed by Mr. and Mrs. Childress in 1971, while husband and wife, in an attempt to sever the estate in the entirety. Specifically, the question before us is whether or not both spouses are required to sign as grantors in the same deed in order to sever an estate in the entirety; or can separate deeds by both spouses revealing mutual consent be used as a means to accomplish the same result. As an introduction to this discussion, a brief summary of the positions advanced by both parties is helpful.
Dotsy C. Newton argues that in order for a husband and wife to sever an estate in the entirety, both husband and wife must join in the same deed. This argument is rooted in the common law recognition that in an estate by the entirety, each spouse is seised of the whole or entirety and not a divisible part. 41 Am.Jur.2d Husband & Wife § 55 (1968). Thus, the *195 legal fiction is that there is but one estate held by only one “person” — the marriage itself. Therefore, any conveyance to a third party interest by one spouse alone would fail for the absence of a necessary grantor, recognizing that the grantor must consist of both husband and wife. Since the Childresses executed separate deeds in 1971 to Rodney Wayne Long rather than a joint deed, Dotsy C. Newton contends that the estate in the entirety was never severed and that the execution of separate deeds was a nullity. This left the right of survivorship intact;[3] and when Florene Childress survived Ester Louie, she became possessed of the whole. Consequently, Dotsy C. Newton claims that she is the successor in interest to this property as grantee of a quitclaim deed from her mother in July of 1985.
The appellee, Rodney Wayne Long, has a simple response. He argues that it would be ridiculous and foolish to require Florene Childress to join in a deed to herself in order to sever the entirety. Mr. Long argues that an estate in the entirety can be severed by the consent of both spouses to terminate the relationship just as joint tenancies can be severed by mutual agreement or contract. 41 Am.Jur.2d Husband & Wife § 71 (1968). Mr. Long notes that the deeds were prepared by the same attorney at the same time and place and were recorded within five minutes of each other in full anticipation of a divorce. Mr. Long argues that all of these factors unequivocally reveal mutual consent to sever the entirety in what amounted to a single transaction, albeit the execution of separate deeds. If the execution of separate deeds successfully severed the entirety and conveyed a remainderman’s interest to Mr. Long, then he would own an undivided one-half interest along with the devisees under Ester Louie’s will who would own the remaining undivided one-half interest.
In an early case of Hemingway v. Scales, Mr. Scales died insolvent, and the probate court decreed that the estate be sold for the payment of his debts. Hemingway v. Scales, 42 Miss. 1 (1868).[4] In Hemingway, this Court described a tenancy by the entirety.
The husband and the wife are seized of the entirety, and the survivor takes the whole; and during their joint lives neither of them can alien so as to bind the other.... In such a case the wife has no separate estate, but is seized, with the husband, of the entirety. Neither of them having any separate or severable part or portion, but the two, as one in law, holding the entire estate, neither can sell without the consent of the other; and the survivor takes the whole.
Hemingway v. Scales, 42 Miss. 1,17 (1868). (emphasis added).
In McDuff v. Beauchamp, Mr. and Mrs. McDuff owned an estate in the entirety which they alleged as having been obtained by the separate and exclusive funds of Mrs. McDuff. McDuff v. Beauchamp, 50 Miss. 531, 534 (1874). Mrs. McDuff’s brother induced her and her husband to substitute their obligation and mortgage on this land in order to relieve a mortgage that the brother owed to the local school fund. 50 Miss, at 534. Foreclosure followed, and Mrs. McDuff argued that she alone was the equitable owner of this property, constituting a separate estate in her. Id. This Court ruled against Mrs. McDuff and upheld the decree of foreclosure. 50 Miss, at 539. The McDuff Court noted that while an estate in the entirety can be alienated by a joint deed, it stopped short of mandating a joint conveyance in all instances.
*196 Both being seized of the entirety, neither could alien without the consent of the other, and the survivor would take the whole.... One of the incidents of the estate is that it can only be alienated by the joint act of the husband and wife. We think that the mortgage made by them, to the trustee of the common school fund, is valid. A separate conveyance by the husband would pass no present interest to an alienee.... It would follow then that as at the common law an alienation of the estate of entirety could be made by husband and wife; it can be done here by a joint deed properly sealed and acknowledged.
McDuff v. Beauchamp, 50 Miss. 581, 535-36 (1874).
In the case of Cuevas v. Cuevas, Mr. Cuevas attempted to unilaterally transfer an estate held in the entirety to his girlfriend. Cuevas v. Cuevas, 191 So.2d 843 (Miss.1966). In Cuevas, we recognized the common law rule that an estate in the entirety may not be severed by the act of one tenant alone and noted that the reason for this rule is well justified as a means to protect the right of survivorship of one spouse from the improvidence of the other spousal tenant. Cuevas, 191 So.2d at 846-47. Additionally, we quoted from Thompson, Real Property.
While the marriage exists neither husband nor wife can sever this title so as to defeat or prejudice the right of survivor-ship in the other_ Ordinarily a conveyance executed by only one of the tenants in entirety is inoperative and ineffective to pass title.
Cuevas, 191 So.2d at 847 (quoting 4 Thompson, Real Property, § 1792 at 102 (1961)).
In a more recent visit to this issue, we again recognized the rule as a means to safeguard the right of survivorship.
An estate by entirety may exist only in a husband and wife and may not be terminated by the unilateral action of one of them because they take by the entireties and not by the moieties. While the marriage exists, neither husband nor wife can sever this title so as to defeat or prejudice the right of survivorship in the other, and a conveyance executed by only one of them does not pass title, [citations to Cuevas, McDuff and Hemingway omitted].
Ayers v. Petro, 417 So.2d 912, 914 (Miss. 1982).
In Shepherd v. Shepherd, we held that, upon divorce, a husband and wife owning property as tenants by the entirety become joint tenants and not tenants in common. Shepherd v. Shepherd, 336 So.2d 497, 499 (Miss.1976). This was a strong minority position adopted by this Court. Ayers v. Petro, 417 So.2d 912, 914 n. 2 (Miss.1982). While Shepherd is not directly applicable to the case at bar, it further reveals a very protected and guarded position for the right of survivorship.
Mr. Long advances a Pennsylvania case as primary support for his argument. Runco v. Ostroski, 361 Pa. 593, 65 A.2d 399 (1949). John Gapinski conveyed to his wife, without joining her as grantor, his interest of an estate held in the entirety; and the question in Runco was whether real property held by the entireties could be partitioned by a conveyance from one spouse to the other who accepted it, paid consideration and recorded the deed. Runco, 65 A.2d at 399. The lower court in applying the common law rule held that the husband’s attempted conveyance to his wife was ineffective to sever the entirety, but the Pennsylvania Supreme Court reversed and adopted a more pragmatic approach. Id. at 400-401. “Our cases show that the rigidity of the common law concept of tenancy by the entireties has yielded to the demands of modern life.” Id. at 400.
An important consideration which the Pennsylvania Court recognized as significant was that the grantee spouse was bene-fitted by the transfer. Runco v. Ostroski, 361 Pa. 593, 65 A.2d 399, 401 (Pa.1949) “[T]he conveyance by one spouse to the other is a fact supporting the inference that the grantee spouse assents to the act inuring to her benefit.” 65 A.2d at 401. Furthermore, the facts of the case clearly showed that the wife consented to the termination of the entirety, and it would be *197 futile to require the wife to join in a deed to herself. Id.
The payment of consideration, delivery and recording of the deed constitute such joint action and mutual assent as are required by our cases to destroy the entirety. To require the formal joinder of the wife in conveying to herself would be wholly unnecessary.
Runco, 65 A.2d at 401.
North Carolina has applied the principle of estoppel in an analogous case. Where a husband had deeded property held in the entirety to his wife and then survived his wife, the husband and those in privity with him were estopped from claiming any interest in the property. Keel v. Bailey, 224 N.C. 447, 31 S.E.2d 362, 363 (1944). See Jones v. Lewis, 243 N.C. 259, 90 S.E.2d 547, 550 (1955) (conveyance from one spouse to other of estate held by entirety is valid as estoppel).
The Arkansas position is that one spouse can directly convey to the other his interest in an estate held by them as tenants by the entirety. Ryan v. Roop, 214 Ark. 699, 217 S.W.2d 916, 917 (1949). Also, a single conveyance by a husband to the wife and minor children was held valid where the wife accepted the property and took charge for the benefit of herself and the children. Moore v. Moore, 170 Ark. 1194, 281 S.W. 657, 660 (1926). Massachusetts allows one spouse to convey directly to the other without the necessity of a joint deed or straw person. Hale v. Hale, 332 Mass. 329, 125 N.E.2d 142, 144 (1955). Michigan holds that an estate in the entirety bars separate alienation by one spouse only, but the husband can release, his full interest to his wife, thereby vesting her with complete title. Hearns v. Hearns, 333 Mich. 423, 53 N.W.2d 315, 320 (1952). In New Jersey, either spouse may sell the life interest to the other, but neither can dispose of the remainder without the consent or assent of the other. Craig v. Craig, 25 N.J.Super. 226, 95 A.2d 767, 768 (Sup.Ct.Chan.Div. N.J.1953). See Donvito v. Criswell, 1 Ohio App.3d 53, 439 N.E.2d 467, 473 (Ohio Ct. App.1982) (entirety can be severed by mutual assent).
In the deed from Ester Louie to Florene, the former relinquished all of his present possessory interests in the estate to Flo-rene. Florene was guaranteed sole, undisturbed possession of the estate for the remainder of her natural life. From a common sense, practical approach, this relinquishment of Ester Louie’s present posses-sory rights benefitted Florene. She now owned the right to occupy the whole without interference from any other ownership interest during her lifetime. Her undisturbed possession of the estate would continue without regard to which tenant died first. Therefore, we conclude that the grantee spouse suffered no detriment to her right of survivorship in the case sub judice.
Further, we find the facts of the case at bar similar to the facts of Runco in that Florene clearly consented to the termination of the entirety. The separate deeds were prepared, executed and acknowledged at the same time and place; and the deeds were recorded ten days later within five minutes of each other when Florene filed her Bill for Divorce. Reading the instruments together as a single transaction, all parties fully contemplated and agreed that Ester Louie would relinquish his interest in the estate, Florene would have a life estate, and upon Florene’s death the estate would pass to Rodney Wayne Long. This agreement regarding disposition of the property was further memorialized by the acceptance of deeds by Florene Childress and Rodney Wayne Long, the life tenant and remainderman, respectively. Additionally, the facts at bar have the added dimension that the parties executed the deeds in full anticipation of an impending divorce and the need to come to some agreement regarding the marital property.
We intimate no opinion whatsoever regarding the wisdom of executing separate deeds or the preferred approach to be taken by a couple desiring to sever an estate by the entirety. Furthermore, while we are reluctant to speculate or second guess the approach taken in this case, we find that a careful review of the record reveals that a major contributor to this dispute *198 rests in the mistaken view that spouses owning property in the entirety are seised of some undivided half interest. We caution that such a view is clearly contrary to an estate in the entirety where each spouse is seised of the whole estate and not an undivided half interest. We merely find that under the facts of this case, no violence is done to well settled law in this state which extends due regard to the right of survivorship and considerable protection against unilateral action by one tenant to the detriment of the other spousal tenant. Therefore, we conclude that the stringent requirements of the common law in this instance should give way to a practical application of a plan by two spouses to dispose of marital property incident to a divorce.
Accordingly, we affirm the decree of the Tallahatchie County Chancery Court, Second Judicial District, entered in this case on May 18, 1989.

AFFIRMED.

ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, PITTMAN and McRAE, JJ., concur.
PRATHER, J., dissents by separate written opinion, joined by SULLIVAN, J.
ROBERTSON, J., concurs by separate written opinion, joined by PITTMAN and BANKS, JJ.

. Conveyances or devises of land to two or more persons, including spouses, create tenancies in common unless it is clear from the instrument of conveyance or devise that a joint tenancy or tenancy by the entirety with right of survivor-ship was intended. Miss.Code Ann. § 89-1-7 (1972). In the instant case, Ester Louie and Florene Childress acquired this property as, "an estate in entirety, with the right of survivorship, and not as tenants in common_” Record at 34.

. The question before the Court is strictly one of real property, and specifically we are concerned with severance of a tenancy by the entirety. The posture of this case makes it unnecessary that we consider the application of homestead laws to the facts presented on this appeal. However, one should be mindful that homestead laws will often carry considerable importance when spouses attempt to convey homestead property regardless of the type of tenancy between the spouses. See Miss.Code Ann. § 89-1-29 (Supp.1990) (conveyance of homestead by spouses still living together not valid unless both spouses sign deed); see also Hendry v. Hendry, 300 So.2d 147, 149 (Miss.1974) (deed void where wife did not sign); Philan v. Turner, 195 Miss, 172, 13 So.2d 819, 821 (1943) (spouse who abandons homestead has no veto power over conveyance by other spouse).

. Spouses owning property in the entirety become joint tenants upon divorce leaving the right of survivorship undisturbed. Shepherd v. Shepherd, 336 So.2d 497, 499 (Miss.1976).

. The cases cited in volume 42 Miss, were the opinions of a tribunal appointed by the military satrap and have no binding authority but must be regarded as res judicata. Lusby v. Kansas City, Memphis & Birmingham Railroad Co., 73 Miss. 360, 19 So. 239 (1896). However, the rationale of Hemingway which we rely upon in this case has received full endorsement by this Court on a number of occasions. See Ayers v. Petro, 417 So.2d 912, 914 (Miss.1982); Cuevas v. Cuevas, 191 So.2d 843, 850 (Miss.1966); McDuff v. Beauchamp, 50 Miss. 531, 535 (1874).